LOVET
v.
GREEN.

---

## LOVET AND ABEL *against* GREEN.

On the return of a *certiorari*, it is too late to object, that the affidavit, on which it was allowed, was made after the time required by the statute. The irregularity should be taken advantage of, by motion to quash the *certiorari*.

IN ERROR on *certiorari*. *Green* commenced a suit by warrant, againt *Abel*, one of the defendants below, who was brought before the justice on the 21st *March*, 1813; and *Abel*, on seeing the plaintiff's demand, which was a promissory note, acknowledged the same to be correct, to the amount of 16 dollars, and then paid the money to the other defendant, *Lovet*, who offered

Where a person becomes security for a defendant, in a justice's court, in order to obtain a stay of execution against the defendant for thirty days, and the justice, with the assent of the security, enters up judgment against him jointly with the defendant, such judgment is valid ; the act not declaring the manner in which the security shall be taken.

himself as security, (in order to obtain a stay of the execution against *Abel*,) and alleged that he was a freeholder, and that the justice could not refuse him: upon which the justice told him, that since he had received the money, he would *consider* him in the judgment with *Abel*, and if the same was not paid within thirty days, he would issue execution against them both jointly; to which *Lovet* assented; and the judgment was entered against them jointly. Thirty days after the judgment, the justice issued an execution against them both. The justice further returned, that the affidavit annexed to the *certiorari* served on him, appeared to have been taken on the 18th of *May*.

*NEW-YORK May, 1815.*

*SELLICK v Fox.*

*Per Curiam.* We cannot, at this stage of the proceedings, notice the objection, that the affidavit upon which the *certiorari* was allowed, was made after the time required by the statute. This irregularity should have been taken advantage of, by an application to quash the *certiorari*. But there is no ground whatever, upon the merits, to reverse this judgment. It is a judgment by confession in open court. *Lovet* offered himself as security for *Abel*, for the purpose of obtaining a stay of execution against *Abel* for thirty days, according to the statute. (1 *N. R. L.* 394.) The act does not point out the mode in which this security shall be taken, and the surety here, after a full explanation from the justice, consented to be included in the judgment.

Judgment affirmed.