IN THE

## SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW-YORK,

IN JULY TERM, 1836, IN THE SIXTY-FIRST YEAR OF THE INDEPENDENCE OF
THE UNITED STATES.

---

## MINER vs. CLARK.

In an action on a *covenant of warranty* in a deed of lands from which the
grantee has been evicted, *parol notice* to the grantor of the commencement
of the ejectment suit is sufficient; the notice need not be *in writing*. So
HELD by the Court: Mr. Justice BRONSON dissenting.

*It seems* that though *notice alone* is sufficient to cast the defence upon the
grantor, it is well also to put in a plea.

The reading of a deed of lands in evidence cannot be objected to on the
ground of *variance* between it and the *oyer* served, for the cause that the
certificate of acknowledgment is not endorsed on the oyer—such certifi-
cate forms no part of the deed.

THIS was an action on a *covenant of warranty of title* in a
deed of lands from which the plaintiff was evicted, tried at
the Tompkins circuit in November, 1833, before the Hon.
ROBERT MONELL, one of the circuit judges.

On the trial the following questions arose: 1. The plain-
tiff proved that when the *ejectment suit* was commenced against
him, by virtue of which he was evicted, he gave *verbal notice*

UTICA,
July, 1836.

Miner
v.
Clark.

of the suit to his grantor, and requested him to attend to the defence. The defendant in the present suit objected to the sufficiency of such notice, insisting that it should have been *in writing*. The objection was overruled. 2. He objected to the *deed* produced on the trial being read in evidence, on the ground of variance between it and the *oyer* delivered in the case, the deed having on it a *certificate of acknowledgment*, and the *oyer* not having a copy of such certificate. This objection was also overruled. 3. The defendant having been permitted to give evidence to show that there ought not to have been a recovery by the plaintiff in the action of ejectment, the plaintiff in that action (*Samuel Baker*) was called by the *plaintiff* in this suit, and sworn as a witness, to rebut the evidence on the part of the defendant. He was objected to as interested, but the objection was overruled. There was also evidence given to show *collusion* between the plaintiff in the ejectment suit and the present plaintiff, which was submitted by the judge to the consideration of the jury. The plaintiff obtained a verdict, which the defendant moves to set aside.

*S. Stevens*, for the defendant, insisted that the *notice* of the commencement of the ejectment ought to have been *in writing*, and cited, in support of this position, 3 *Johns. Cas.* 109, and 15 *Johns. R.* 533.

*A. J. Parker*, for the plaintiff, insisted that a *verbal notice* was sufficient. It was not a proceeding in a suit, and therefore not governed by the ordinary practice of courts requiring notice in suits to be in writing ; nor is it required by statute. When a statute requires a notice preliminary to the commencement of a suit to be in writing, the notice must be in writing ; otherwise a verbal notice is sufficient.

The *Opinion of the Court* was delivered by the Chief Justice as follows: It was objected, on the trial, that the deed from the defendant to the plaintiff should not be given in evidence, because *oyer* had not been given of the certificate of acknowledgment endorsed upon it. The objection was properly overruled. The certificate of acknowledgment or proof of the instrument constitutes no part of the deed itself.

A more important question is whether *parol notice* to the defendant of the commencement of the ejectment suit was sufficient. The object of the notice is to inform the grantor that a suit has been brought against his grantee; the grantor is supposed to be better able to defend such a suit, and by his covenant he has undertaken to warrant and defend the grantee against the claims of all persons. A parol notice gives the information to the grantor quite as well as a written one; and as there is no technical rule requiring such a notice to be in writing, no writing is necessary. The party making this objection should have produced some authority to sustain it; none has been produced, and probably because none can be found. I have already remarked, that the object of giving notice is to inform the grantor of the assertion of a claim against which he has covenanted that he will warrant and defend his grantee. If we regard the plain import of the language used, it is the grantor who is to defend, and not the grantee; and if we regard the reason and propriety of the case, we come to the conclusion that the grantor must defend or not at his peril after notice. Such it is believed is the common sense of the case. The first case in our courts on the subject of notice is *Blaisdell* v.*Babcock,* 1 *Johns. R.* 517. The plaintiff bought a horse of the defendant, which was claimed by one Snow. An action of trover was brought by Snow, of which the plaintiff gave the defendant notice. It does not appear whether a *written notice* was given; the point was not raised. The defendant attended one term of the court, with witnesses to defend the title to the horse which he had sold to the plaintiff, but did not attend when the cause was tried. The record of Snow's recovery was received in evidence, though the judge told the jury it was not conclusive. On a motion for a new trial, the court said that the record was proper evidence, because without it an eviction could not have been shown; that the first notice given to the defendant was sufficient, and that he was bound to take notice of the subsequent proceedings. The same point was recently decided in error, in the case of *Rogers* v. *Kneeland,* 13 *Wendell,* 123. The case of *Stone* v. *Hooker,* 9 *Cowen* 154, was an action upon an agreement to indemnify. A suit was brought against the plaintiff:

he gave notice of it to the defendant and requested him to attend, but he did not. The plaintiff recovered the amount of a judgment against himself in favor of others who he had agreed to indemnify upon the strength of the defendant's promise to him, even though one of those judgments was obtained by *confession.* It appeared, however, that there were several suits, and after one suit had been tried it would have been useless to have contested the others. Mr. Justice *Woodworth* remarks, that having given a *cognovit,* he was bound to show that the defendant was not prejudiced by it, which in that case he did do. The case of *Jackson* v. *Marsh,* 5 *Wendell,* 44, goes farther, and states that after notice to the grantor of suit brought, and a refusal by him to defend, the grantee is not bound to defend. At all events, I apprehend enough was done in this case. A plea was put in, as was stated by counsel; and though the record states that judgment was obtained by default, it is inferrible from the case that such default was at the circuit, and of course a plea must have been put in. If notice of the suit had not been given to the defendant, it would have behooved the plaintiff to have shown that a full defence was made, and that the defendant, if notice had been given, could not have defeated a recovery. In the present case the defendant has no just ground of complaint. He was permitted and attempted to show that there was no ground for the recovery against the plaintiff, but in that he failed.

Baker was a competent witness. He had no interest in this cause; his credibility was before the jury. The jury were satisfied that there was no collusion betwen him and the plaintiff, and I cannot say that their verdict is against evidence. That was a question for the jury, and their decision should not be disturbed except in a clear case.

New trial denied.

The following *dissenting opinion* was delivered by Mr. Justice Bronson:

Bronson, J. *dissented.* It has never been decided that a parol notice was sufficient, in a case like the present, and I am

of opinion that it should have been in writing. If the notice is to have any influence upon the right of the party, it should be given in such form as fully to apprise the person receiving it of what is required of him, and the consequences which are to follow, if he neglects to take upon himself the defence of the suit. A verbal notice may be misapprehended by the person to whom it is addressed ; and without any intentional error, may be proved in a very different form from that in which it was actually delivered. It should be in writing, not only for the purpose of avoiding those consequences, but to enable the party to examine it deliberately, and consult his counsel on the proper course to be pursued. In ordinary legal proceedings, however trifling may be the consequences of neglecting the warning, no person is allowed to be prejudiced, either in his action or defence, by a mere verbal notice. If this is a proper regulation, in relation to proceedings after the parties have appeared in court, it would seem to be still more appropriate, where the object of the notice is to call on the party to appear in court, and take on himself the defence of an action which has been instituted against his grantee. This is not like a notice which will sometimes affect the title of a party by showing it tainted with fraud. In those cases notice only means knowledge of a particular fact, which shows that the party did not act in good faith ; and in general, it is a matter of no moment in what form the information was received, or from what source it was derived. But here the notice, if it is to have any effect, is in itself a legal proceeding. It advises the warrantor that the title which he professed to grant is called in question ; that another person claims the land by a paramount title, and has commenced a suit to recover it ; and calls upon the grantor to appear in court and defend the title. It is similar in character to the notice or warning by which an action is commenced ; and which, if not in the form of legal process served by a public officer, must at least be in writing.

In *Gilbert* v. *The Columbia Turnpike Co.* 4 *Johns. Cas.* 107, the court say that " a notice in legal proceedings means a written notice ;" and it was one of the grounds on which the proceedings were quashed, that it did not appear that the

UTICA,
July, 1836.

Miner
v.
Clark.

notice which had been given was in writing. It was added, in that case, that the necessity of a written notice might be gathered from the statute which directed the notice, in certain cases, *to be left* at the dwelling house of the party. Although this additional reason for the decision was mentioned, I think the court intended to assert the salutary principle, that the right of a party could not be prejudiced by legal proceedings, unless the notice required by law was given in writing.

If we look a little further into the nature of this proceeding, I think the insufficiency of a verbal notice will be more apparent. The modern practice of giving notice bears a strong analogy to the old method of vouching the grantor to warranty, when the tenant was sued in a real action. If the grantor did not appear voluntarily, a summons *ad warrantizandum* issued, informing him of the pendency of the suit, and requiring him to appear and warrant the land to the tenant; and this writ was served by the sheriff. Real actions have every where fallen much into disuse of late years, and in this state most of them have been abolished. The practice of giving notice when the tenant is sued in the action of *ejectment*, seems to have been suggested by the old process of *voucher* and summons *ad warrantizandum*. And as in the one case the right of the grantor could only be asserted by means of a writ served by a public officer, he ought not in the other to be prejudiced by any thing less definite and formal than a writing, which shall advise him of what has been done, and what he is required to do.

Whatever may be the rule in relation to warranties on the sale of chattels, I think it against legal analogies, and utterly unsafe in practice to give any effect to a verbal notice of this kind in an action for the recovery of real estate. Without examining the other questions made on the trial, I am of opinion that the notice was insufficient, and that the verdict ought therefore to be set aside.