By the Court, Bronson, J.
Notice of the prior insiuance upon the same property was in the nature of a condition precedent, and if notice Avas not given, the policy was void from the beginning.
Was it necessary that the notice should be in Avriting? If it must be given as a part of the application for insurance, then undoubtedly it must be in writing, for it is one of the conditions of insurance annexed to the policy that the application shall be made in Avriting. But there is nothing in the policy requiring the notice to be inserted in the application. The words are, if there be already any other insurance “ not notified to this corporation,” the policy shall be of no effect. Nothing is here said about the application, and although notice inserted in the application would unquestionably be good, it is evident from another part of the contract that the defendants did not themselves contemplate that mode of giving notice. They required applications for insurance to be made in Avriting “ according to the printed forms prepared by the company.” And their printed forms, Avhich contain blanks to be filled up by the applicant, have no blank to be filled with notice of a prior insurance. But it is enough that they have not required the notice to be inserted in the application.
There is, then, nothing but a provision in general terms for a notice, Avithout prescribing, either in terms or by necessary implication, the mode in Avhich it should be given. In such cases verbal notice is good; unless the notice be a legal proceeding, and then it should be in Avriting. (Rex v. Surry, 5 Barn. & Ald. 539; Gilbert v. Columbia Turnpike Co., 3 John. *105 Cas. 107; Matter of Cooper, 15 John. 533; Miner v. Clark, 15 Wend. 425; id. p. 428, per Bronson, J.) If the defendants intended to require a written notice, they should have said so.
Notice was given to the agent, Wilcox, and the only remaining question is, whether that was notice to the company. The general doctrine that notice to the agent is notice to the principal, is undeniable. But it is said that Wilcox was a special agent, and that his authority did not extend to receiving notice of a prior insurance. He was not retained for a single transaction, but was employed to solicit risks and negotiate contracts for the company with any body and every body who might wish to insure; and as to that particular business he was a general agent. Third persons dealing with him had a right to judge of the extent of his authority from the ñatee and course of the business in which he was employed, without being affected by any special instructions or other limitation of his authority which did not come to their knowledge. His appointment was not necessarily in writing, and it does not appear that the power under which he acted was communicated to the plaintiffs. But I shall lay no stress upon that fact, and will consider the case on the assumption that the mitten appointment of Wilcox was laid before the plaintiffs at the time the business was transacted.
To understand the extent of the agent’s power, it will be proper to take some notice of the nature and course of the business in which he was engaged. These companies, for the purpose of extending their business, send out agents to solicit risks and negotiate contracts of insurance. The agent is furnished with the form of the contract which the company proposes to make, and the conditions on which it is willing to assume the hazard. He is also furnished with a blank for a mitten application to be filled up and subscribed by any one who may wish to insure. When such a person is found, the papers are laid before him by the agent, a survey is made, the amount of premium is settled, the blank application is filled up and signed, a premium note is made, and five per centum or some other por *106 tibn of the premium is paid down. The agent receives the application, note and money, and transmits them to his principals. The company thereupon makes out a policy bearing even date with the note and application, and sends it, either directly or through the agent, to the person insured. The agent is appointed and sent out for the purpose of inviting men to insure, and encouraging them to do so by transacting the business in such a way as to save them from the necessity of either going or sending to the office of the company. As to every thing else which is required of the applicant, he may confessedly deal with the agent, and I think he may do so in giving notice of a prior insurance. Indeed, it seems to be necessary that the notice should be given to the agent, to prevent its reaching the company too late. It must be given before the contract is completed, or else the policy is declared void. The policy is dated and takes effect from the time the business was transacted with the agent, and if notice is not given to him, it may often happen that the company will not receive it until after the date of the contract.
I think the company must have intended mat notice of a prior insurance should be given to the agent. But it is not necessary to maintain that position. They commissioned "Wilcox to negotiate contracts for them, and notice to him while he was engaged in that business and acting within ' the scope of his authority, was notice to his principals. And this is so whether he was a general or special agent. If I appoint an attorney to pinchase a house for me, and the agent, while engaged in that business, has notice of a prior unregistered deed, my title will be affected by the notice. (Jackson v. Sharp, 9 John. 163.) The principle is a familiar one. The power under which the agent acts never., provides in terms that notice may be given to him; but the notice is good for the reason that, while acting within the scope of his authority, whether a general or special agent, he stands in the place of the principal, and persons dealing with him are, for most purposes, regarded as dealing with the principal.
If the defendants had provided that the notice should be *107 made a part of the application, or that it should be in writing, the plaintiffs could not succeed. But the defendants asked nothing but notice, and that they had through their agent. As the notice was properly given to the agent, it is of no consequence that he neglected to communicate it to the company.
New trial granted.