1844.

Stone
v.
Morgan.

---

### Stone *vs.* Morgan and others.

Where the personal representatives of the decedent are cited to account before
   the surrogate, by the next of kin, but such representatives do not take the
   proper steps to cite the creditors so as to make the accounting final; and the
   surrogate takes the account so far as the estate has been administered, and
   decrees payment of a balance found due to the next of kin, but directs that
   the representatives shall render a further account of the estate in their hands
   when required to do so; the decree of the surrogate is not a decree for the
   final settlement of the account within the meaning of the provisions of the
   revised statutes, so as to give the parties three months to appeal.   But an
   appeal must be entered within thirty days after the entry of such decree.
In cases where the time for appealing is limited by statute, the appellate court
   is not authorized to extend the time for appealing.   And where the appeal
   is not entered within the time allowed by the statute, it will be dismissed;
   unless the objection, that the appeal was not brought in time, has been
   waived by the adverse party.

THIS was an application to dismiss an appeal from a de-   April 2.
cree of the surrogate of the county of Monroe.     The
respondents, as the representatives of S. Morgan, the next
of kin of J. Morgan deceased, cited the appellant, as the
administrator of J. Morgan, to account; as authorized by
the 52d section of the article of the revised statutes relative
to the duties of executors and administrators in rendering
an account and in making distribution to the next of kin.
And such administrator rendered his account, which was

1844.

Stone
v.
Morgan.

passed upon by the surrogate. And the surrogate made a decree declaring the rights of the respondents, as the personal representatives of the next of kin of the appellant's intestate, and decreeing the payment of a balance in the appellant's hands, of the assets collected by him ; except the sum of $68,85, which he was permitted to retain, to meet an unliquidated claim against the estate ; the appellant not having cited the creditors to attend the settlement of his account, so as to have a final settlement thereof. This decree was entered on the 26th of May, 1843, and the appeal was not filed until the 25th of August thereafter.

*M. T. Reynolds,* for the appellant.

*E. F. Smith,* for the respondents.

THE CHANCELLOR. The petition of appeal was filed one day too late ; but the delay is fully excused, by the irregularity of the mail. And the neglect to procure the transcript within the twenty days is also satisfactorily accounted for. But as the time within which the appeal was to be brought depended upon a statutory regulation, and not upon the rules or practice of the court, if the appeal was not entered with the surrogate within the time allowed by law for appealing, the objection is fatal, if it has not been waived by the respondent, and the appeal must be dismissed. (1 *Paige's Rep.* 423. 2 *Id.* 413.) An appeal to this court, from a decree of a surrogate for the final settlement of the account of an executor, administrator or guardian, may be made within three months after the decree is recorded. And six months is allowed to appeal from a decision of a surrogate as to the appointment or removal of guardians. But in all other cases, not otherwise limited by law, appeals from the orders, decrees and sentences of surrogates, to the court of chancery, must be made within thirty days after the making of the decree, order or sentence appealed from. (2 *R. S.* 610, § 107.) And if the decree appealed from in the present case is not a decree for the final settlement of

the account of this administrator, within the true intent and meaning of the provisions of the revised statutes on that subject, (2 *R. S.* 94, § 67, *Idem*, 618, § 105,) the appeal should have been brought within thirty days after the decree was made and entered by the surrogate, on the 26th of May, 1843.

In the case of *Bronson* v. *Ward*, (3 *Paige's Rep.* 189,) this court decided that a decree of the surrogate upon the taking of an account against an administrator, made upon the application of creditors of the estate, but without citing the next of kin of the intestate to attend the settlement of the account, as directed by the statute, (2 *R. S.* 93, § 60,) was not a decree for the final settlement of the account of the administrator ; and that an appeal could not be brought after the expiration of thirty days from the time of entering the decree. Here the administrator is cited to account upon the application of the personal representatives of the next of kin of the decedent ; but such administrator has neglected to take proper steps to cite the creditors of the estate to attend the settlement of the account. And the surrogate has not made a decree for the final settlement thereof, either in form or in substance. For in the first place he allows the appellant to retain a portion of the moneys actually received by him, for the purpose of meeting an unliquidated claim against the estate of the decedent, made by a creditor, or so much of that claim as may afterwards be ascertained to be due. And secondly, he declares in the decree that there are other assets belonging to the estate of the decedent, remaining in the hands of the administrator to be administered, which are not charged in the account, and that the administrator is to render an account thereof when he shall hereafter be required so to do.

The motion to dismiss the appeal must therefore be granted ; with costs to be taxed.