## MESSERVE *vs.* SUTTON *et al.* executors.

Where the supreme court on appeal reverses the juagment or decree of a subordinate court, an appeal will lie under the code to this court, although further proceedings are directed to be had in the court where the suit or proceeding originated.

Therefore, where a surrogate dismissed a proceeding instituted before him to bring executors to account, and the supreme court, on appeal, reversed his decree with costs and directed him to proceed with the account, *held,* that an appeal would lie to this court.

CATHARINE ANN MESSERVE, in 1839, applied to the surrogate of the city and county of New-York, for a citation requiring George Sutton and others, executors of the will of George G. Messerve, deceased, to appear and account. The testator died in 1826, having by his will bequeathed to his executors $10,000 and a share of his residuary estate to his executors in trust, to pay the income to his son George Messerve, during life, and the principal after his death to his lawful issue. George Messerve died in 1835, and the petitioner claimed to be his only lawful child, and as such to be entitled to the principal of the legacy aforesaid. The executors, on being cited, appeared and contested the proceeding on the ground that the petitioner was not the legitimate child of George Messerve ; and on that ground the surrogate dismissed the petition. The petitioner appealed to the supreme court, where, in January, 1849, the decision was reversed with costs, and the surrogate was directed to proceed

with the account. From the order of the supreme court the executors appealed to this court.

Upon the cause being moved for argument a question arose, whether under the code of procedure, the order of the supreme court could be reviewed here, and the point was reserved for examination, the cause in the meantime standing over.

On a subsequent day the court said that the order was appealable. The proceeding not having arisen in the supreme court the order of that court reversing the surrogate's decree was a final determination within the meaning of the code, (§§ 11, 245,) and therefore the appeal was well brought. On this ground the case was distinguishable from *Duane* v. *The Northern Railroad Co.* (*Ante, p.* 545.)

*C. W. Sandford,* for appellants.

*E. Sandford,* for respondent.