LANE *vs.* CARY and others, commissioners of highways of the town of Marcy.

Where commissioners of highways serve an order upon a person, directing him to remove a fence, which it is claimed is an encroachment on the highway, and such person denies the encroachment, his denial—in order to arrest the further action of the commissioners until a jury has been summoned and the other proceedings taken as required by law—must be *in writing.*

APPEAL by the defendants from a judgment entered upon the report of a referee. The action was brought to establish the boundaries of a certain highway, in the town of Marcy; to vacate and annul certain proceedings of the defendants in relation thereto; and to obtain an injunction to restrain the removal of a certain fence and hedge erected by the plaintiff along the line of his land, which the defendants insisted was an encroachment upon the highway.

*W. Hunt,* for the plaintiff.

*F. Kernan,* for the defendants.

*By the Court,* BACON, J. All the substantial issues of fact in this case are found by the referee in favor of the defendants, and the merits seem to be with them, and yet the judgment is in favor of the plaintiff.

The defendants, who were commissioners of highways of the town of Marcy, had served an order on the plaintiff directing him to remove a fence which it was claimed was an encroachment on the highway, and the object of this suit was to enjoin them from proceeding to make the removal, upon his refusal to comply with their order.

On the trial, the question arose whether the plaintiff had denied the encroachment, pursuant to § 104 of the act in relation to highways, &c. (1 *R. S.* 522. *Id.* 4th ed. *p.* 1050, § 123.) The only evidence on that subject was given by Thomas Lane, the father of the plaintiff, who stated that in a conversation with Mr. Shaw, one of the defendants, the latter

said " William," the plaintiff, " had denied the encroachment, but the commissioners would blow his monument sky high." The witness did not know whether any written denial had been served, and the inference, I think, from his testimony is, that the denial was merely verbal. The referee has found that the plaintiff did " duly deny the encroachment," and he consequently held that the defendants could proceed no further until a jury had been called to try the question of encroachment. I think the evidence would not warrant a finding that a written denial had been served; and in order to sustain the judgment, it is necessary for the plaintiff to maintain that a verbal notice is sufficient; and so his counsel have contended on the argument. It is true the statute does not, in terms, require that the notice shall be in writing. Its language is merely, " If the occupant to whom notice is given, shall within five days, *deny the encroachment*, the commissioners shall apply," &c. The defendants' counsel insists that it was not competent to prove the fact of the denial by the mere oral admission of one of the defendants; and this is argued from a consideration of the powers and duties of commissioners, and that inasmuch as the individual commissioner could do no official act which would bind or affect his co-commissioners, his admission of such act is utterly incompetent to establish its existence. An array of authorities is cited to establish these propositions, which it is perhaps unnecessary to consider, as the case may be satisfactorily determined upon another ground. It may, I think, however be conceded, that if the effect of the admission was simply that the denial (assuming for the argument's sake, that a parol denial is sufficient,) was made to one commissioner alone, it would not be enough to establish the fact; but the testimony is equivocal upon this point, and leaves it entirely uncertain whether the language imported that the denial had been made to the whole body of the commissioners, or only to the one as to whom the admission is proved.

But the more important question respects the mode and manner in which the denial shall be made, in order to arrest the further action of the commissioners until the jury has been

Lane *v.* Cary.

summoned and the other proceedings taken as required by law. The defendants' counsel argues that although the statute does not in terms require the denial to be in writing, yet as the act is part of a legal proceeding, to be legal and effectual it must be in writing; and upon principle and authority I think this proposition can be maintained. It should be so, both for the sake of avoiding all mistake or misconception as to its tenor and import, and of preserving record evidence of a proceeding which is to determine a pretty important right, and for the security and protection of the commissioners who are called upon to put the machinery in operation by which the vital question between the parties is to be adjusted. The principle on which this is founded is very clearly and appositely stated by Justice Bronson, in *Miner* v. *Clark*, (15 *Wend.* 429.) "A verbal notice," he remarks "may be misapprehended by the person to whom it is addressed, and, without any intentional error, may be proved in a very different form from that in which it was actually delivered. It should be in writing, not only to avoid these consequences, but to enable the party to examine it deliberately, and take counsel on the proper course to be pursued." And again he says, "Here the notice, if it is to have any effect, is in itself a legal proceeding." This precise proposition is established in the case of *Gilbert* v. *Col. Turnpike Co.* (3 *John. Cas.* 107.) That was a proceeding under a statute providing that in case of a disagreement between the company and the owner of land through which a road passed, three commissioners should be appointed to assess the damages, who were " *to give notice* to the owner, of their appointment, and of the day of their meeting." The return to the *certiorari* stated that the commissioners had appointed a day for meeting on the land, and that notice of such meeting was given to the owners. On the argument the objection was taken that it did not appear that the commissioners gave notice *in writing*, of the time and place of meeting. The court say, "a notice to the owner, it is true, is alleged to have been given, but it is not stated to have been *in writing*. A notice, in legal proceedings, means a written notice, and we think the act itself in this instance contemplates such notice."

So in the case of *McEwen* v. *Montgomery Insurance Co.*
(5 *Hill*, 101,) it is held that a verbal notice is good, unless the
notice be a *legal proceeding*, and then it should be *in writing*.
And in the *Matter of Cooper*, (15 *John.* 533,) which was an
application for the admeasurement of dower, where only a verbal
notice was given to the parties interested in the land, the court
held that the application was a legal proceeding, and they say,
that " on general principles the notice ought to be in writing,
and the want of it is a fatal objection to the proceeding."

In this same section of the statute ($ 104) the constable is to
give three days' notice to the commissioners and to the occupant
of the land, of the time of the meeting of the freeholders.
Within the decisions above cited, it cannot for a moment be
doubted, although the statute is silent as to the manner, that a
written notice would be requisite ; and if so, the reason seems
to me much stronger for requiring the denial of the encroach-
ment, which initiates the proceeding, to be also in writing. As
the merits of this case are with the defendants, and are so
found by the referee, and on the only legal proposition involved
the referee erred, judgment is ordered for the defendants.

[ONEIDA GENERAL TERM, January 1, 1855.   *Hubbard, Pratt* and *Bacon,*
Justices.]