## SUPREME COURT.

SAWYER F. PEARSON, respondent agt. ANDREW LOVEJOY, appellant.

An order of the county court, dismissing an appeal from a justice's judgment, is a final determination of the rights of the parties in the action, and is therefore a judgment within section 245 of the Code of Procedure.

The *personal notice* of the judgment, required by section 353 to limit the time to appeal, means a personal notice from the party who has obtained the judgment; and such notice must also be a *written* notice, or the limitation does not take effect.

In cases where there has been no personal service of process, and the defendant did not appear, it was not intended that the important right of appeal should be limited to twenty days after the defendant might be informed by some means of the existence of the judgment.

Statutes giving the right of appeal are to be liberally construed in furtherance of justice; and such an interpretation as will work a *forfeiture* of such right is not to be favored.

A general *appearance* by the respondent in the county court, and *noticing* the appeal for argument, are positive acts of submission to that tribunal, inconsistent with his claim that the appeal was not in time, and therefore a *waiver* of his right to have the appeal dismissed.

*Broome General Term, November,* 1866.

*Before* PARKER, MASON, BALCOM *and* BOARDMAN, *Justices.*

APPEAL from judgment entered July 29, 1863, upon an order of the Otsego county court, made in September, 1857, dismissing the defendant's appeal from the judgment rendered against him in a justice's court, on the ground that the time to appeal had expired.

The action was commenced by attachment before the justice, and the judgment was rendered for the plaintiff on the 19th of January, 1852. The process was not personally served, and the defendant did not appear. The notice of appeal was not served by the defendant until July 17, 1856, and the justice made and filed his return thereto in August of the same year. On the 14th of February, 1857, the plaintiff, by his attorney, served upon the appellant's attorney notice of appearance on the appeal. In May, 1857, the respondent's attorney noticed the appeal for argument for

the May term of the county court, and at the same
time served a copy of an affidavit made by one Brown,
stating that in March or April, 1854, the appellant said that
he knew of the judgment, and in August of the same year
(1857) he again noticed the appeal for argument upon the
return and said affidavit, for the August term of that court.
At that time the appeal was moved on for argument by both
parties, and the same was heard on the return, affidavit of ·
Brown, and proof of service of the notice of appearance and
of the above mentioned notice of argument.

In September, 1857, the county court made an order dis-
missing the appeal with $10 costs, on the ground that the
appellant's knowledge of the judgment in March or April,
1854, was equivalent to personal notice of it, and that he
had lost his right to review the judgment by delaying to
appeal from it within twenty days from that time.   A judg-
ment was entered, in pursuance of such decision, dismissing
the appeal, and the roll filed on the 29th day of July, 1863.

The appellant appealed to the supreme court on the 26th
day of July, 1865.

JAMES E. DEWEY, *for appellant and defendant.*
· DE WITT C. BATES, *for respondent and plaintiff.*

*By the court,* MASON, J.   The first question to be consid-
ered in this case is, whether the order of the county court,
dismissing the appeal from the judgment of the justice, is to
deemed a judgment within the meaning of section 245 of the
Code.   That section defines a judgment to be the final deter-
mination of the rights of the parties in the action.   It seems
to me that, so far as the county court is concerned, it must
be regarded as a judgment.   The appeal was dismissed on
the ground that it was not brought in time.   If it appears
from the return itself that it was brought in time, and the
county court have decided that it was not, and gave judg-
ment dismissing the appeal for that reason, it must be

regarded as the final determination of the rights of the parties; for there is no redress left to the appellant, and the action in fact is decided in favor of the plaintiff. The principle enunciated in the following cases would seem to hold that this order and the judgment entered thereon must be regarded as a judgment within the spirit and meaning of the 245th section of the Code. (*Talbot* agt. *Talbot*, 23 *N. Y. R.* 17; 6 *Hill R.* 157; 4 *W. R.* 483; 4 *How. R.* 195; 3 *Comst. R.* 546; 7 *How.* 194; 12 *J. R.* 31.) It is said in the latter case, whether the decision is denominated a judgment, an order, a decree or sentence, is very immaterial. The decision is in effect a final judgment by which the suit is terminated, and the subject in controversy is awarded to one party, against the other. It would seem from the judgment order dismissing the appeal that the whole case was brought before the court, and the return itself read, and the cause was moved on, as well upon the notice of argument as notice of motion to dismiss the appeal, and was thus submitted to the court; and when the decision came, it was a dismissal of the appeal, upon the ground that the appellant was too late in serving his notice of appeal.

The next and more difficult question in the case is, was the appeal brought in time? This question depends upon the construction which is to be put upon section 353 of the Code. That section, regulating appeals from judgments in justices' courts, provides that if the judgment, as in this case, is rendered upon process not personally served, and the defendant did not appear, he shall have twenty days after personal notice of the judgment to serve the notice of appeal, &c. (*Code*, § 353.) It appears from the return of the justice that the judgment was entered on the 19th of January, 1852. The notice of appeal was not served until July 17th, 1856; and the only evidence that the appellant had personal notice of the judgment more than twenty days before the notice of appeal was served, is to be found in the affidavit of Joseph R. Brown, and upon which the notice to dismiss was

predicated. He swears in that affidavit that in March or April, 1854, he heard the defendant, Lovejoy, say that he knew of the judgment in this action, which was entered before Abram I. Brown, Esq. It is claimed on the part of the plaintiff, in this case, that the admission made to Brown proves that he had personal notice of the judgment. The whole length and breadth of the admission is that he knew of the judgment. Whether he was informed of it by the plaintiff, by the justice, by a stranger, or how he got his information of the existence of the judgment, we are not informed. This, in my judgment, utterly fails to prove that he had personal notice of the judgment, within the meaning and intent of this 353d section of the Code.

Statutes giving the right of appeal are always liberally construed in furtherance of justice, and such an interpretation as will work a forfeiture of such right is not to be favored. (4 Barb. R. 636; 1 W. R. 395.) The language of that statute itself is quite plain: "He shall have twenty days after personal notice of the judgment." This does not mean twenty days after he shall ascertain by his own inquiries or investigation that such judgment exists against him, but twenty days after he shall receive personal notice of the judgment from the party himself in whose favor the judgment was entered. This, I have no doubt, was the intention of the framers of this statute. The legislature never were guilty of the absurdity of limiting the important right of appeal in such cases as this, where there has been no personal service of process upon the party, to twenty days after he might be informed, by some means, or somehow, and perhaps by a stranger, of the existence of the judgment.

The only reasonable construction which can be put upon this statute is to hold that personal notice means a personal notice from the party who has obtained the judgment. It was said by the court, in Gilbert agt. The Columbia Turnpike Company (3 Johns. Cases, 107), that a notice in legal proceedings means a written notice. The same is affirmed by

BRONSON, J., in *Miner* agt. *Clark* (15 *W. R.* 429). The same is again affirmed in *Lane* agt. *Carey* (19 *Barb. R.* 539). The rule is well settled that, where a notice is required or authorized by statute in any legal proceedings, it means written notice. (*See, in addition to the cases above cited,* 15 *J. R.* 533; 5 *Hill R.* 104; 6 *Abb. R.* 56; 26 *Barb. R.* 248.) This statute must be held to give the right of appeal at any time within twenty days after the party shall receive written notice from the party in whose favor the judgment was obtained. Any other construction would leave the time of appealing in the greatest doubt and uncertainty.

I am of the opinion, for these reasons, as well as for the reason that the plaintiff had waived his right to have the appeal dismissed by his general appearance on the appeal and by noticing the appeal for argument at the May and August terms, that the county court was wrong in dismissing the appeal. They were positive acts of submission to the tribunal whose right to hear the appeal his motion to dismiss questioned. (6 *W. R.* 550; 2 *Comst. R.* 467; 7 *How. R.* 111; 6 *W. R.* 549; 12 *J. R.* 204; 10 *Paige R.* 615 and 616; 27 *How. Pr. R.* 335.)

The judgment of the county court should be reversed, and that court directed to hear the appeal.