## KANSAS PACIFIC RAILWAY CO. V. S. O. THACHER, *et al.*

1. ATTORNEY'S LIEN——*In what Actions.* An attorney's lien under ₰ 8 of ch. 11 of the General Statutes, may be created when the only claim in suit is one for damages for personal injuries, unliquidated, and undetermined by judgment or verdict.

2. ———— *Notice to be in Writing.* The notice required to create a lien under said section must be in writing.

3. ———— *Service of Notice.* It may be served upon the party personally, or upon his attorney of record. But where the adverse party is a railroad corporation, service of such a notice upon a person in charge of its depot in the county where the action is pending, is not sufficient, and does not bind the corporation.

### *Error from Douglas District Court.*

ACTION by *Thacher & Stephens,* attorneys-at-law, to recover from the *Railway Company* as defendant certain moneys alleged to be due to them from defendant by virtue of liens duly acquired on funds in defendant's hands belonging to the parties originally indebted to plaintiffs, as follows: For services in case of Wm. L. Griffiths against the *K. P. Railway Co.,* $500; in case of Nichols & Palmer against the *K. P. Railway Co.,* $206; and in case of Nichols & Kennedy against the *K. P. Railway Co.,* $668.40. Total amount claimed, $1374.40. Trial at the June Term 1874. Specific findings of fact and law were made by the district court. Some of these are stated in the opinion, *infra.* In regard to the attorneys' liens claimed by plaintiffs, the court found as follows: That *Thacher & Stephens* were retained and employed as attorneys by Nichols & Kennedy to prosecute an action in the district court of Douglas county against defendant, and rendered services of the value of $668.40; that they were also employed and retained by Nichols & Palmer to prosecute an action in said district court against defendant, and rendered services of the value of $206; that they were also retained and employed by William L. Griffiths to prosecute an action in said district court against defendant, and rendered services of the value

of $600, and that all of said sums remain wholly unpaid; that on the 12th of May 1872, *Thacher & Stephens* served a notice in writing on defendant, by serving notice on "a person in charge of defendant's depot," claiming a lien for $350 for compensation as attorneys for Nichols & Kennedy in their action above mentioned; that on the 23d of December 1872 they served a notice in writing on defendant claiming a lien (sum not stated) for compensation as attorneys for said Griffiths in his action above mentioned; that on the 17th of September 1873, they gave notice (not in writing) to defendant claiming a lien (amount not stated) for compensation as attorneys for said Nichols & Palmer in their action above mentioned; that in March 1873, defendant, without the knowledge of *Thacher & Stephens*, and without regard to their lien, effected a compromise and settled with said Griffiths, and paid him in full satisfaction of his claim $300; that on the 17th of September 1873 defendant, without the knowledge of *T. & S.*, and without regard to their claim of lien, effected a like compromise and settled with Nichols & Palmer, and paid them in full satisfaction of their claim $400; that on the 19th of September 1873, defendant, without the knowledge of *T. & S.*, and without regard to their lien, effected a like compromise and settled with Nichols & Kennedy, and paid them in full satisfaction of their claim $675; that afterward the actions so settled were severally dismissed at the costs of the plaintiffs therein; that said Nichols & Palmer and Nichols & Kennedy are non-residents of the state of Kansas, and are not shown to be solvent or responsible persons, and the residence of said Griffiths is unknown. As conclusions, the court held, "that the notice of an attorney's lien must be in writing, and may be served in the same manner as a notice of motion, and when the attorney specifies the sum of his charges no lien attaches for a greater amount;" and thereupon the court further held that *T. & S.* had liens on the moneys due their clients as follows: on the $300 due to said Griffiths, a lien to the full amount thereof; on the $675 due Nichols & Kennedy, a lien to the amount of $350,

making, in the aggregate, $650, to which they were entitled to judgment against the *Railway Company*, with interest thereon from 17th November 1873, the date plaintiffs' demand was made against defendant. Judgment accordingly. Both parties excepted to the findings and conclusions. The plaintiffs, *T. & S.*, excepted to that part of the conclusion of law holding that the notice of lien should be in writing, that such notice is to be served in the same manner as a notice of motion, and that plaintiffs are limited to the amount specified in their notice. They also excepted to that part which fixes the amount of the recovery at $650, claiming that in this action they are entitled to recover for their services in the case of Nichols & Palmer. The defendant excepted to each finding of fact and of law. New trial refused, and the *Railway Company* brings the case here on error.

*J. P. Usher*, for plaintiff in error:

1. The petition showed that there was a defect of parties in respect of each cause of action, inasmuch as the alleged creditors of plaintiff in error were not in court. The defendant by demurrer sought to take advantage of the defect, and justice required that it should be done. It was not a question of discretion, but of substantial right. There was error in overruling the motion.

2. Neither of the three supposed causes of action stated in the petition, alleged facts sufficient to constitute a cause of action. In the first, the Griffiths case, the lien claimed and which is set up as the first cause of action, the evidence showed that the notice was defective in two points. It stated no amount; it was served upon Usher, and not upon plaintiff in error. It also showed that the action was one for unliquidated damages for personal injury, which had not been determined by verdict or judgment, the first verdict having been set aside. There was therefore nothing due from plaintiff in error to Griffiths. The petition failed to show that any money whatever was due to Griffiths. The mere production of the satisfaction, stating a consideration, was not

sufficient. In the Nichols & Palmer case, no lien is set up in the petition; and the evidence showed that no notice of lien was given except a verbal intimation from Stephens to Rockwell, alleged to have been one of the attorneys for plaintiff in error in the case, that his firm had a lien, and that Stephens showed Rockwell notices of lien to that effect. This notice was defective in stating no amount, and in being verbally given to an attorney, and not to plaintiff in error. If it could be given to an attorney at all, it could only be so as a notice in the action: if a notice in the action, the service is defective, not being in conformity with § 536 of the code, which provides that all notices other than notices of motion must be served like a summons, that is by serving a written copy on the party, and not on his attorney. In the Nichols & Kennedy case the notice cannot support this action, for it was notice of lien on a judgment, which was afterward vacated, and with the judgment, the notice fell to the ground. Moreover the service was defective. The law of 1871 (p. 285, ch. 123,) only applies to notices or process issued by a court or justice of the peace, and only under that law could service on "a person in charge of a depot" be justified.

3. The findings of fact are not sustained by sufficient evidence, but in several respects are contrary to undisputed evidence. The finding that notices were served on defendant is a mere conclusion of law, and we contend an erroneous one. The undisputed facts are, that a written notice in the Nichols & Kennedy case was served on an employé in charge of the depot at Lawrence; that a written notice in the Griffiths case was served on the attorney for the company; and that in the Nichols & Palmer case, the so-called verbal notice was given to Rockwell, an attorney employed at the trial of the case, but not shown to be either one of the ordinary attorneys of the company, or attorney of record in that suit. The findings that plaintiff in error "effected compromises and settlements" with Griffiths, and Nichols & Palmer, and Nichols & Kennedy, are insufficient to base upon them a conclusion prejudicial to plaintiff in error. It is not found whether the

actions were 'in tort, or upon contract, nor that the railroad company owed the attorneys suing anything. It is found that the railroad paid money; but money paid upon a compromise is no admission of liability, for every one has the right to buy peace if he so chooses. The highest considerations of public policy and common morality make it impossible for the attorney to prevent this, or foment and perpetuate litigation at his pleasure.

4. No lien exists for attorney's compensation in the absence of actual contract or express statutory provision, where, as in our state, the attorney's fees form no part of the costs. The lien must stand or fall on our statute exclusively; *Forsythe v. Beveridge*, 52 Ill. 268. Attorney can have no lien on unliquidated damages before judgment, even by express contract, so as to prevent his client settling the suit; *Pulver v. Harris*, 52 N. Y. 73; 12 Abb. (N. Y.) N. S. 444; 18 N. Y. 489; 19 How. 384. The attorney's remedy is to proceed with the action, and enforce the judgment; 2 Daly, 489; 12 How. Pr. R. 136; 19 Abb. 372; 18 N. Y. 368. Or proceed against his client and the debtor jointly, to have the benefit of a judgment already entered; 40 N. Y. 577.

*Thacher & Stephens*, defendants in error, for themselves:

The real and only questions in the case as we view it are: 1st, Can attorneys recover of judgment-debtors the amount of the balance due them for services and disbursements when such judgment-debtors pay the judgment to the attorneys' client after notice of the lien? 2d, Are the plaintiffs in the court below entitled to recover of the defendant the full amount of their claim, or only a part thereof as allowed by the court below?

Upon the first proposition, we think that not only the statute but the common law clearly affirms the proposition. See Gen. Stat. of 1868, p. 110, § 8. Having such lien by statute, the attorney becomes, to that extent, the equitable assignee of the money in the hands of the adverse party, and is entitled to recover the same in his own name, (for an action must be

prosecuted in the name of the real party in interest.) Being the assignee in equity, he may bring the action. And it makes no difference that he is assignee of only a part of the demand, for an assignee of a part of a chose in action may maintain a suit in equity or even an action at law to recover his interest in the demand. Besides, the interest of the other party is satisfied. 8 How. Pr. R. 514; 6 N. Y. 179.

The statute does not make the attorney an assignee of the judgment, so that he can use that, but of the moneys in the hands of the adverse party. It is true, the amount of such moneys is evidenced by the judgment, when the judgment has been rendered, but the attorney is not given the machinery of the judgment and the process of the courts in that action to enforce his collection, and hence, when his right is denied, may resort to action in the proper court for his remedy. · That action is both a suit in equity, and an action at law, under our practice. · And in such action it is not necessary to make the judgment-creditor a party, especially when, as in this case, such assignors (the judgment-creditors) are out of the jurisdiction of the court. (1 Wash. C. C. Rep. 517.) The judgment-debtor is a trustee of the fund, and in an action for neglect to pay over, the creditor is not a necessary party. He may be a proper but not a necessary party. (Story's Eq. Pl., § 221; Barbour on Parties, 458.)

At common law also, and independent of the statutes, we insist that the action should be maintained. By common law the attorney is given a lien upon the judgment and upon the money earned, whether resting in judgment or not, for the amount of his reasonable service. "An attorney has a lien upon a sum awarded in favor of his client as well as if recovered by judgment; and if, after notice to the defendant, · the latter pay it over to the plaintiff *the plaintiff's attorney may compel a repayment of it to himself,* and he will not be prejudiced by a collusive release from plaintiff to the defendant." (*Armond v. Tate,* 1 East, 464.) From long prior to the decision in the above case, the English courts, both law and equity, had interfered and protected the earnings of the

attorney, holding as the American courts have since held, that the client should not collude with his adversary and run away with the earnings of the attorney. The courts of this country have also gone as far as the court went in *Armond v. Tate,* and held that it was immaterial whether the demand had reached judgment or not. In the very expressive language of Judge Spencer, in 15 Johns. 405, they have held that "a party shall not run away with the fruits of the case without satisfying the legal demands of the attorney." 9 How. Pr. R. 16; 4 Barb. 48; 19 Johns. 95; 62 Ill. 210. The common-law lien is independent of the statute, and is not abrogated by it. 18 N. Y. 368; 51 N. Y. 140; 44 How. Pr. 493.

The proof, in the case of Griffiths, shows a retainer by Griffiths, and a prosecution of an action in his behalf against defendant; various proceedings in the action; the value of plaintiffs' services, and the service upon defendant of a *written* notice of lien. It also shows that defendant settled with Griffiths without plaintiffs' knowledge, and after service of the notice. The writing showing such settlement, and filed in the case by the defendant, acknowledges the receipt by him of $300. In the case of Nichols & Kennedy, the proof also shows a retainer and prosecution by plaintiffs for the parties against the defendant, the earnings of the moneys mentioned in the petition; the fact of such moneys being in defendant's hands, and the service of notice of lien. The notice served was duly entitled in the action, and notice given to defendant therein and its attorneys—

"That we claim a lien on the judgment rendered in this action, and upon the moneys secured thereby, for our fees as attorneys for the plaintiffs, which lien is to be satisfied before any moneys are paid to said plaintiffs, or any one in their behalf. The amount of our claim is $350."

This notice was signed by Thacher & Stephens, and dated and served May 12th 1872, and shows the amount of our claim at that date. After that date, the judgment was reversed by the supreme court; (9 Kas. 235.) In December 1872, the case was again tried. A motion for a new trial was sustained,

January 12th 1873. A third trial was had September 16th 1873, and during the third trial verbal notice of lien was given to Rockwell, one of defendant's attorneys. On the 19th of September 1873, defendant paid to N. & K. the full amount of moneys in its hands, and brought their release into court, and procured satisfaction of the judgment. We insist that the written notice so served, was a notice to the party of our lien at that time; that knowing we claimed a lien for services as attorneys, together with knowledge of our subsequently acting as attorneys for the parties in court, and so earning further compensation, is notice to the party of a further lien. Having notice that a lien was claimed, and that at a certain day it had reached a given sum, and knowing of earnings thereafter, and that the party was having credit, was sufficient to put the defendant upon inquiry, and a subsequent payment was in bad faith. But at the trial, and some days before the money was paid, a verbal notice of lien was given to the attorney of the party. This notice the court below held insufficient. But no good reason is perceived why a verbal notice is not as effectual as if in writing and attested by witnesses. The statute provides simply for "notice," not notice in any specific form; and from that, we understand that something must be said, or some act performed, which directs the attention of the party to the claim. The attorneys being the equitable assignees of the demand, the courts at common law would protect the lien whenever the party had been put upon inquiry. In regard to the sufficiency of the verbal notice in this case, see 4 Barb. 48; 12 Johns. 343; 19 Johns. 95; 15 Abb. 135; 45 Cal. 72; 29 Cal. 149; 9 Paige, 315; 28 N. Y. 237; 7 Foster, 324.

It matters not that Griffiths' claim was for unliquidated damages. The lien given by statute is upon moneys in the hands of the adverse party in any action or proceeding. When the demand in suit is settled and the amount liquidated, that amount is money in the hands of the adverse party, and a payment to the party after notice of the attorney's lien is in fraud of the attorney's right. The notice was

given long prior to the settlement, and served upon Judge Usher, the general attorney of the company, and the attorney in that particular case.

In England and also in New York, the statute gave the costs to the prevailing party, but the attorney's compensation was measured by the statutory costs. By the code of New York the statutes regulating the costs were repealed, and the parties left to make their own contracts. Yet it was held in *Ward v. Wordsworth*, 1 E. D. Smith, 598, that the attorney's lien existed still for costs, and the measure of compensation was either an express contract price, or a *quantum meruit*. 14 Abbott Pr. R. 230.

The opinion of the court was delivered by

BREWER, J.: This was an action brought by defendants in error to recover certain moneys claimed to be due by virtue of an attorney's lien under § 8, page 110, of Gen. Stat., which reads: "An attorney has a lien for a general balance of compensation * * * upon money due to his client, and in the hands of the adverse party, in an action or proceeding in which the attorney was employed, from the time of giving notice of the lien to that party."

Several questions arise which demand notice. It may be premised, that in examining authorities upon questions concerning attorneys' liens, this fact should be borne in mind: In some places and at some times the compensation to be re-

1. Attorney's lien for fees.

ceived by an attorney for his services was fixed by statute, and this amount was awarded to the successful party to be recovered of his adversary in addition to the amount due upon the cause of action. This amount was taxed as costs in the case, and though nominally recoverable by the party himself was really for the benefit of the attorney. So also, in some states, New York for instance, where the compensation of the attorney is no longer fixed by statute, but left to the agreement of the attorney and his client, certain fixed sums are taxed as costs to be recovered by the successful party to be applied to the payment of his attorney.

While in many states, our own for one, the successful party recovers nothing, either directly or indirectly, for the compensation of his attorney. Each party must bear the full burden of his own attorney's fees. Manifestly, the comments and decisions upon attorneys' liens must be materially affected by these considerations. *Forsythe v. Beveridge,* 52 Ill. 268; *Ward v. Syme,* 9 Howard Pr. Rep. 16. Referring now to the case before us, the first question we notice is this: Will the lien exist where the only claim of the plaintiff is one for damages for personal injury, unliquidated and undetermined by judgment or verdict? In other words, may a defendant when sued in such an action, and before trial and verdict, settle with the plaintiff, pay him a certain amount, obtain a release and satisfaction of the claim, and thus free himself from all further liability either to the plaintiff or to his attorney, notwithstanding such attorney has prior to the settlement given notice of a claim for a lien, and such plaintiff is insolvent and irresponsible? This question must be answered in the negative. The lien will exist, and the defendant cannot thus defeat it. It is unnecessary to inquire whether this would have been the rule independent of statute. This gives a lien not simply upon a judgment, but upon "money due." It does not specify for what the money must be due, nor limit the lien to any particular class of liability or form of action. Wherever an action is pending in which money is due, the attorney may establish his lien. And in an action, the verdict and judgment do not create the liability, do not make the "money due." They are simply the conclusive evidence of the amount due from the commencement of the action.

Again, according to the statute the lien dates from the "time of giving notice." Now in reference to this notice these questions arise: Must it be in writing? Is service upon the attorney-of-record of the adverse party sufficient? In case of a railroad corporation, upon what officer 2. Notice to be in writing. or agent should it be served? Must the amount of the lien claimed be stated? The statute is silent upon

these questions; at least it gives no specific answer to them. And yet, taking the statute in connection with other statutes, and with general rules of law, we think the matters not difficult of solution. It is a general rule, though one with perhaps some exceptions, that notices required in legal proceedings must be in writing. This seems essential to the certainty and precision of such proceedings. *Gilbert v. Columbia Turnpike Co.*, 3 Johns. Cases, 108; *Miner v. Clark*, 15 Wend. 428, dissenting opinion; *Lane v. Cary*, 19 Barb. 539; *Pearson v. Lovejoy*, 53 Barb. 407; *Wright v. Doolittle*, 5 Vt. 390. Now this notice may be fairly classed as one in legal proceedings. It is not to reach money due generally to the client, but money due in the particular action in which the attorney is employed. It presupposes therefore an action or proceeding, employment of the attorney giving the notice in such action or proceeding, money due in such action or proceeding to the party employing the attorney from his adversary, and is itself a proceeding to create a lien upon such money in favor of the attorney giving the notice, and is almost tantamount to a proceeding to compel an equitable assignment of a portion of a claim in suit. The attorney is to *give notice*. By the notice thus given he seeks to create a lien upon and establish a right to receive a portion of the money due in that action to his

3. Service of notice.

client from the adverse party. It seems to us, that it is fairly to be taken as a notice in the action or proceeding, and one which therefore must be in writing. Being a notice in the action, it may properly be served upon the attorney-of-record; for outside of any statutory provisions, the attorney-of-record stands so far as the case is concerned as the representative of the party. He has charge of his interests, speaks for him, represents him in all the matters involved in the action. One of the notices was served upon the person in charge of the defendant's depot in North Lawrence. The writer of this opinion considers this a sufficient service upon the corporation, but his associates think differently. And the reasons for this conclusion are briefly these: Sec. 536 of the code of civil procedure, (Gen.

Stat. 734,) which provides that "the service of a notice shall be made as is required by law for the service of a summons," applies simply to the manner of service, that is, whether by reading, or giving a copy, and does not attempt to define upon whom the service may be made to bind the party. And ch. 123 of the Laws of 1871, which authorizes in certain cases the service of process upon railroad and stage corporations by delivery of a copy to a freight agent, ticket agent, person in charge of a depot, etc., applies only to process strictly so called, or at least does not apply to notices like the one in question, a notice prepared and served by the party, and not issued by or upon the order or at the instance of the court. There is therefore no statute authorizing the service of such a notice upon this agent of the corporation, and it is not a matter at all within the scope of his duties. Hence, neither by statute nor upon general principles is the corporation bound by the notice thus given.

It is unnecessary that the amount claimed be stated in the notice. If the amount is stated, the attorney cannot thereafter claim a larger amount, and the adverse party may make any settlement with his client not inconsistent with his lien for the specified sum. Where the notice does not specify the amount, and does not claim a lien for anything more than the services in the given action, the lien is secured for the amount agreed to be paid by the client, or, in the absence of any agreement, for the reasonable value of such services. Where the notice in terms claims a lien for services in addition to those rendered in the case, it is secured to the extent of the amount due the attorney from his client. Where after a judgment is rendered in the district court, a notice is served in which a lien is claimed "on the judgment, and upon the moneys secured thereby," and thereafter the judgment is reversed by the supreme court, it is unnecessary to serve a new notice, but the lien is secured to the extent of the amount claimed and then due. Where a defendant prior to a trial settles the claim sued on, and obtains from the plaintiff a satisfaction and release in full, in

*Extent of lien.*

which the receipt of a certain amount of money is stated as the consideration thereof, and presenting this release and satisfaction obtains a dismissal of the action, in an action thereafter brought by the plaintiff's attorney to recover from the defendant for services in said action, and for which he had given notice of a lien, this release and satisfaction may be received as *prima facie* evidence of the amount paid to the plaintiff, and as an admission on the part of the defendant that such amount was due. Where notice of a lien is given, and before trial and judgment the parties settle the case and the suit is dismissed, the attorney may maintain a separate action to recover the amount due upon his lien, and in such action the client is not a necessary party.

These we believe are all the material questions in the case, and the conclusions reached upon them compel us to remand the case, with instructions to modify the judgment by striking out the amount allowed for the lien in the case of "Nichols & Kennedy." In other respects the judgment will be affirmed. The costs of this court will be divided.

All the Justices concurring.