## BAUDER'S HEIRS V. ANDERSON B. BRYAN.

1. OCCUPYING-CLAIMANT LAW; *Notice, in Writing, to Adverse Party.* Where one of the parties, in a proceeding under the occupying-claimant law, requires a jury to be drawn to assess the value of the improvements, the other party or his attorney is entitled to reasonable notice; and this notice should be in writing.

2. ———— Where in such a case no notice has been given, but after the jury have been drawn, and before they have made the assessment, the counsel for the adverse party casually ascertains that such proceedings are being had, *held*, that such casual notice is not sufficient.

3. ———— And in such a case, where no notice has been given or received, except as above stated, and the counsel for both parties casually meet, and first agree to go to the place where the assessment is to be made, and then agree not to go, and neither of them does go, but the party himself who demanded the jury is present and testifies before the jury concerning material matters, and he is the only witness in the case, and he, and the sheriff, and the jurors, are the only persons present at the time when the assessment is made, such facts and proceedings do not constitute a waiver of notice by the party who did not demand the jury.

*Error from Miami District Court.*

THE only questions here, are as to the sufficiency of certain proceedings taken at the instance of defendant *Bryan*, subsequently to a verdict in favor of the plaintiffs, in an action of ejectment. The plaintiffs, *Margaret Irvin*, and *Addison Bauder*, are the heirs-at-law of Simeon Bauder, deceased; and as such heirs they claimed the land in controversy, as owners in fee. *Bryan* claimed title under an unauthorized sale of said land made by an administrator of said decedent. Judgment was given for plaintiffs, at November Term 1875, for the recovery of the possession of the land. Afterward, at defendant's instance, the value of his lasting and valuable improvements was assessed at the sum of $1,126, for which sum judgment was given in his favor, as an occupying claimant, at February Term 1876. Plaintiffs bring the case here.

*B. F. Simpson*, and *W. B. Brayman*, for plaintiffs.
*Sperry Baker*, and *W. T. Johnston*, for defendant.

The opinion of the court was delivered by

VALENTINE, J.: This was an action in the nature of ejectment. The plaintiffs below (who are now plaintiffs in error)' recovered. The defendant then applied for the benefit of the "occupying-claimant law," and the court below caused to be made the proper journal entry thereof. This was done on 20th November 1875. On December 13th afterward, the defendant required that a jury be drawn according to law to assess the value of his lasting and valuable improvements. The jury were drawn accordingly, and they made said assessment. The plaintiffs claim that this was all done without any sufficient notice ever having been given to them; and this is the only question now presented in the case. That no formal notice was ever given to either of the plaintiffs, or to their counsel, is admitted; but it is claimed by the defendant that the attorneys had an informal notice of said proceedings. Such informal notice is as follows: Some time after said jury were drawn, and just the evening before they made their said assessment, Simpson and Brayman, the attorneys for the plaintiffs, casually ascertained that said jury had been drawn, and that they would make their assessment on the next day. They determined that Mr. Brayman should accompany the jury to the premises to witness such assessment. On the next morning, W. T. Johnston, an attorney for the defendant, met Simpson and "made a remark" (as Johnston himself testifies) "as to the propriety of attorneys being present at such a proceeding, when the said Simpson said they proposed to take their chances on that." Shortly afterward Johnston met Brayman, and Brayman told Johnston that he was going out to the premises with the jury to witness the assessment. They then agreed to go together. They had some other conversation. And then, according to Johnston's affidavit, Johnston, the "affiant, then told said Brayman that if he, said Brayman, did not go out with said jury to said premises, he, affiant, would not go; that said

*Statement of the case.*

*Statement of facts.*

Brayman then said he would come to affiant's office in a short time, and let affiant know what conclusion he had come to; that affiant went to his (affiant's) office, to which the said Brayman came in a few minutes thereafter, and in the presence of Sperry Baker, announced to affiant that he had concluded not to go out with the said jury to said premises, when affiant told said Brayman that if he (Brayman) did not go, that he (affiant) would not go." This was all the notice that either the plaintiffs or their attorneys received. The sheriff and the jury went out to said premises. There they found the defendant; and these were the only persons present at the time of and during said assessment. Before the assessment was made the sheriff "administered an oath to the said Anderson B. Bryan, (the defendant,) to the effect that he the said Bryan would true answers make to such questions as were propounded to him by the jury touching the matter in controversy; and then the jury asked him questions about timber, boundary lines, material for fences, and timber for frames for buildings, and how much land he had broke; asked him questions about fruit trees; and that all of the jury were present when questions were asked of Bryan, and answered by him." No other evidence was received by said jury.

Was the notice which the plaintiffs received sufficient? In the case of *North v. Moore*, 8 Kas. 143, 152, it was held, that

1. Occupying claimant; notice to adverse party.

"in proceedings to value improvements under the occupying-claimant law, the party adverse to the one making a motion for a jury, or his attorney of record, is entitled to reasonable notice of the same." See also, *Patterson v. Prather*, 11 Ohio, 35. In *K. P. Rly. Co. v. Thacher*, 17 Kas. 102, it was said, that "it is a general rule, though one with perhaps some exceptions, that notices required in legal proceedings must be in writing. This seems essential to the certainty and precision of such proceedings." See also authorities there cited. This is also consistent with the statutes, if not expressly required by them. The statute says that "where notice of a motion is required, it must be

in writing." (Gen. Stat. 734, § 534.) We think said notice was not sufficient. The notice should have been a formal notice in writing, and served upon the plaintiffs, or upon their attorneys. Nor do we think that notice was waived. Or if it was in any manner waived, we think it was waived upon a condition precedent, which was never fulfilled. The only ground upon which it may be claimed that notice was waived, is the agreement of Johnston and Brayman to go out together to the place where the assessment was made, and the subsequent agreement that neither should go. Neither of these agreements was a waiver of notice. Brayman may have intended to go out to where the assessment was made merely for the purpose of objecting to anything being done until he or his client received the proper notice. And afterward he may have concluded not to go, thinking that he could better present his objections to the proceedings to the court. But the spirit of the supposed agreement between Johnston and Brayman not to go out to where the assessment was had, was not fulfilled. It was fulfilled literally, but violated in spirit. Brayman evidently believed that neither party was to be represented before the jury when the assessment was made. And this was evidently the spirit of the agreement. But the defendant was represented, and ably represented too. He represented himself, and probably presented his cause to the jury with more effect than any attorney could have done for him.

3. Notice not waived.

The court below therefore erred in refusing to set aside said assessment. And therefore the orders and judgment of such court with reference to the said assessment will be reversed, and cause remanded for further proceedings.

All the Justices concurring.