NEW YORK COUNTY.—HON. D. G. ROLLINS, SUR-
ROGATE.—April, 1882.

HYNES v. McCREERY.

*In the matter of the estate of* WILLIAM R. HYNES,
*deceased.*

A question as to the validity or regularity of an appeal from the deter-
mination of a Surrogate's court must be submitted to the appellate
tribunal, the former having no jurisdiction in the premises.

MOTION by Mary E. Hynes, administratrix of dece-
dent's estate, to dismiss an appeal, taken by Mary J.
McCreery, her predecessor in office, from a decree ren-
dered upon the former's accounting.  The facts appear
sufficiently in the opinion.

W. H. SECOR, *for the motion.*

J. A. BALESTIER, *opposed.*

THE SURROGATE.—Letters of administration to Mrs.
McCreery were revoked by the late Surrogate, and Mrs.
Hynes was appointed in her stead.  Mrs. McCreery filed
an account of her administration, to which Mrs. Hynes
filed objections.

The matter was sent to a referee, upon whose report
a decree was entered on December 7th, 1881.  An ap-
peal from that decree was taken by the accounting
party on March 7th, 1882.  No citation seems to have
been issued at the instance of the superseded adminis-
tratrix, to her successor, or to the next of kin or cred-
itors of the deceased, to attend upon such account-

ing, in accordance with § 83, 3 R. S., 6th ed., p. 103.

A motion is now made before me, on behalf of Mrs. Hynes, to dismiss this appeal, on the ground that the bond given is insufficient in form and amount, and that the appeal was taken too late.   It is urged that, to be effectual, it should have been taken within thirty days after the making of the decree, in pursuance of § 28 (107), 3 R. S., 6th ed., p. 896.

It is claimed, on the other hand, by the appellant, that the decree should be treated as one for the final settlement of the account of an administratrix, and that three months is allowed, within which to perfect appeal by § 26, 3 R. S., 6th ed., 896.   I am inclined to think that § 28, rather than § 26, fixes the time within which the appeal in the present proceeding should have been taken (Bronson v. Ward, *3 Paige, 149;* Stone v. Morgan, *10 Paige, 615;* Redf. Pr. Surr. Ct., *ed. 1875, 451*).

But it seems to me that the question as to the validity, and regularity of that appeal should be submitted to the appellate court, and that this court has no jurisdiction in the premises (Barnum v. Seneca Co. Bank, *6 How. Pr., 82;* Harris v. Clark, *10 id., 415;* Peo. v. Murphy, *1 Daly, 462;* Halsey v. Van Amringe, *4 Paige, 279;* Bradley v. Van Zandt, *3 Code Rep., 217*).   The motion must therefore be dismissed, but without costs.

Ordered accordingly.