Potter, J.
This action was brought to set aside a tax assessment upon the building and lot of the plaintiff, made against Charles T. Dowd, and to restrain the *426 defendant Cramer, the receiver of taxes, &c., from prosecuting threatened proceedings to enforce the payment of said tax.
The action was tried at special term, without a jury, in duly and August, 1881.
The substance of the complaint is that the plaintiff is an incorporated seminary of learning, situated at Saratoga Springs, and using and occupying for that purpose a certain building and lot, the subject of the assessment complained of, for nine months in the year, and all the year, except about the period of three months, the ordinary and proper period for vacation ; that an assessment of a tax was made upon the same for the year 1879, and that such building and lot are exempt by law from taxation.
That said receiver has, pursuant to the statute, chapter 68 of the laws of 1880,- for the purpose of enforcing payment of said tax, advertised said property for sale and threatens to complete the same.
Upon the trial it was manifest 'that the only question which the parties were interested in having the decision of the court upon, was whether the plaintiff was entitled to have an exemption from taxation upon the ground that it was a school or seminary of learning and education. Application was made to amend the complaint, by the insertion of the appropriate and necessary allegations requisite to sustain an action in equity to remove a cloud upon the title to real estate created by the imposition of an illegal and void tax. This was allowed, as it did not operate to the surprise or injury of the defendants.
it was claimed by the plaintiff that it was not necessary in this case that the complaint should contain these allegations, for the reason that the statute, chapter 68, laws of 1880, under which the defendant was proceeding, itself gave the plaintiff in this case and to any person interested in property upon which a tax or *427 assessment has been or may be assessed or levied, the right to bring an action to vacate, &c., &c., such tax, or any sale made by virtue thereof, and to enjoin and restrain the sale.
I am inclined to adopt plaintiff’s view of the pleadings in that respect. Ordinarily an action at law is the appropriate remedy for the injury of enforcing the collection of an illegal or void tax. But the courts have; for a long time, held that where the facts are such as to bring the case within the scope or principles of recognized equity jurisprudence, the party aggrieved by the imposition of an illegal and void tax may resort to an equity court for relief. The rule laid down and recognized in equity courts is that it must appear that the record or conveyance or certificate is not invalid or void upon its face, and that the claimant of title to the real estate under it would not be compelled to show in the proof to establish such title, the particular fact constituting a defect which would defeat his claim of title.
Where the facts will warrant a resort to equity to test the validity of an assessment, it is often a preferable remedy, for it will enable a party to determine whether the tax is valid or not, in time to prevent a loss of his property by the lapse of the redemptionary period.
The legislature is presumed to have known of the facts which give a party a right to bring his action to set aside an invalid tax and to restrain a sale for its enforcement.
Nevertheless, the legislature, in this law, chapter 68, Laws 1880, provided extraordinary methods of collecting taxes in the town and village of Saratoga Springs, and at the same time and in the same act. provided for every citizen assessed an extraordinary method of preventing the collection of any illegal tax. It provides that any person interested in property assessed, &c., *428 may bring an action to set aside snck tax, and restrain the sale of the property for such tax.
There is no specification of any of the facts or con- ■ difions which are ordinarily required to maintain an action for that purpose in a court of equity.
If the legislature intended that the same facts and conditions should exist before bringing the action provided for by section 8, there was no occasion for that provision. Upon such a state of facts, an action of the character and purpose of this action was always maintainable.
I think it cannot well be doubted that the legislature, while it gave a new, direct and simple mode of enforcing the payment of taxes to the officers of Sara-toga Springs, also provided a new, simple and direct remedy, free from the technical conditions that appertain to actions of this character. The provision is plainly remedial, and as such should receive a reasonable and liberal construction in its application and execution (Potter’s Dwarris, 231, 73; Pearson v. Lovejoy, 53 Barb. 407; Burch v. Newbury, 10 N. Y. 374).
Passing the pleadings in this case, the only question to consider in the case is whether the property assessed is exempt from ordinary taxation.
By section 4, subdivision 3, title 1, chapter 13, part 1, R. S., volume 1, page 388(marg.), “Every building erected for the use of a college, incorporated academy or other seminary of learning . . . and the several lots on which such buildings are situated, shall be exempt from taxation.”
The building and' the lot on which this building stands are owned by the plaintiff, who is duly incorporated, and are adapted to and have been used for the purpose of a school, to educate girls in the ordinary branches of learning. It has received and accommodated, for the last two years or more, such scholars, to the number of eighty or ninety; some of them as day *429 scholars, but most of them as scholars boarding with the family of the principal teacher or professor, occupying a portion of the building. The school is in session nine months, and has a vacation for the three (summer) months of the year. During the three months’ vacation, the building, or a portion of it, has been rented by the president of plaintiff, and used for the accommodation of boarders. The period of the school session and of the vacation (used for boarding purposes) are of the usual length and correspond with the sessions and vacations in other similar schools. The plaintiff has received the rent arising from such use. Assuming that such use was authorized by the plaintiff’s corporation, does such use deprive plaintiff of exemption from taxation ?
The statute was intended to promote education by relieving corporations engaged in that pursuit or avocation from one of the burdens which would otherwise attach to the property necessary for educational purposes. Such a statute should receive such constructions as will be consistent with its language and promote its object.
In the several cases in which this statute has been before the courts, it has received a liberal construction.
It has been held that the right of exemption from taxation extends to the houses occupied by the teachers and professors, to farms consisting of many acres, devoted to all or nearly all farming purposes, where the rent or the use of the same inured to the benefit of the corporation engaged in the work of education (See People ex rel. Academy of the Sacred Heart v. Commissioners of Taxes, 6 Hun, 109, and the cases there cited).
Should this exemption be denied to the plaintiff, who educates as long and as well as other schools, because the plaintiff does not shut and lock the doors of its school-building for three months of the year when *430 the buildings of other and similar schools are closed, or because the plaintiff opens its doors and receives a pecuniary aid without detriment to the work of education, while its building, if closed, would be idle and profitless ?
The State and children of the State have the full benefit of the school for the usual period of time. Neither the State nor the interests of education are in anywise injured. On the contrary, the cause of education is promoted by the money received for the partial use of the building, which would otherwise stand idle and unprofitable.
Is the State so capricious or unreasonable as to grant a pecuniary reward, by way of exemption from taxation, to a party for nine months’ services and use of building to perform the service in, but to refuse payment after full performance if the building is used the balance of the year for any purpose whatever % The State has received the benefit for a full performance of plaintiff’s obligation, but declines to pay and even to punish plaintiff because he received a benefit for other time and other use than the plaintiff had a right or reason to require, and the receipt of which did the State no harm.
But further, the statute absolutely exempts the property of a corporate academy or seminary of learning.
It does not prescribe any rules for the time or kind of teaching.
No discretion or power is given the assessors to determine how much of the year or what branches of education shall be followed in order to exempt from taxation.
If the corporation fails to maintain its character as an institution of learning, or perform its obligations to best educate, in whole or in part, proceedings may be had by the proper authority to vacate its corporate *431 charter, and thus deprive it of exemption from taxation.
It is not worth while t.o pursue this view any further, as it may not be correct and was not discussed by counsel. I think the case may be correctly and properly placed upon' the ground that the plaintiff is a seminary of learning, duly incorporated and sufficiently performing the functions and duties appertaining to it under the statute exempting its property from taxation. The plaintiff should have judgment accordingly, with costs.*

This decision was affirmed by the general term. 26 Hun, 809.