Coxe *et al. v.* Town, Receiver of Taxes.

(*Supreme Court, General Term, Third Department.* May 26, 1890.)

TAXATION—VOID ASSESSMENT—ACTION TO VACATE.
   Under Laws N. Y. 1880, c. 68, § 8, making a deed executed by the tax receiver "presumptive evidence that the sale, and all proceedings prior thereto," were regular, and authorizing any one interested in assessed property to sue to restrain a sale, an action may be brought to set aside an assessment, and restrain a sale thereunder, though the assessment is void, as such sale would create a cloud on plaintiff's title.

Appeal from special term, Saratoga county.
   Action by Mary J. Coxe and George F. Jones, as executors, etc., of Mary J. Jones, against Byron J. Town, receiver of taxes for the town and village of Saratoga Springs, to vacate an illegal assessment, and restrain a sale therefor. In 1888, and several years after the death of Mary J. Jones, the assessors set down among the names of the taxable inhabitants of the town of Saratoga Springs the name "Mary J. Jones, (heirs,)" and assessed against that name the real estate described in the complaint. Laws N. Y. 1880, c. 68, an act to authorize the sale of lands in the village of Saratoga Springs for unpaid taxes and special assessments, provides (section 8) that a sale by the tax receiver, and the execution after two years of a deed to the purchaser, is "presumptive evidence that the sale, and all proceedings prior thereto, were regular," and that "any person interested in property upon which a tax or assessment has been, or may be, assessed or levied, may bring an action to vacate and set aside such tax or assessment, or any sale made by virtue thereof, and to enjoin and restrain the sale of any real or personal property." From a judgment setting aside and vacating the tax, defendant appeals.
   Argued before LEARNED, P. J., and MAYHAM, J.
   *John L. Henning,* for appellant.   *Charles S. Lester,* for respondents.

LEARNED, P. J.   There is no question on the merits of this case. The only point is whether an action can be maintained to set aside this assessment. We have no doubt that the latter clause of section 8, c. 68, Laws 1880, gives

this right. *Seminary* v. *Cramer*, 10 Abb. N. C. 427. And, whatever may be the legal effect of an assessment like the present, it does, as a matter of fact, create a cloud on the plaintiff's title. She cannot sell with that freedom with which she could sell if it were not for the alleged assessment. Those who desire to purchase are afraid when they see what purports to be an assessment, even though they may be advised that it is void. If the section above cited is intended to make an exception to the rule which courts have adopted, it is a very excellent exception; and it would be well if the exception should become the general rule. Judgment affirmed, with costs.