JACKSON, ex dem. Vredenburgh, *vs.* MARSH.

In an action of ejectment by a *mortgagee* against a *mortgagor*, the latter may set up an eviction under a paramount title in bar of a recovery ; and though the mortgagor has become a purchaser under such hostile title, and remains in possession of the mortgaged premises, the mortgagee is not entitled to recover.

THIS was an action of ejectment, brought for the recovery of 56 acres of land, part of lot 79, in the township of *Pompey,* in the county of Onondaga. The cause came before the court on a case made by consent.

On 7th February, 1817, Mary Vredenburgh, as the guardian of an infant, by virtue of an order of the court of chancery, by a *quit-claim deed,* without covenants, conveyed to *Luther Marsh* the premises in question, and took back from him a mortgage of the same premises to secure the payment of $460, the consideration money agreed to be paid by the mortgagor in three annual instalments from 1st February, 1818. On the 14th May, 1818, Luther Marsh, for the consideration of $840, conveyed the premises in question to *Marovia Marsh* by deed, with covenant of warranty. On 20th October, 1819, an action of ejectment was commenced by the attorney-general against one Hayden, the tenant of Marovia Marsh, in possession of the premises, for the recovery of the same as *escheated lands,* in pursuance of an act of the legislature passed in 1818, *Statutes, vol.* iv. 293 *c.* which declares that final judgment when obtained in any action to be commenced in pursuance thereof, shall have the *like effect upon the title* and be of similar force with the judgment upon the traverse of an inquisition under the " *act concerning escheats.*" 1 *R. L.* 381. Immediate notice of the commencement of such suit was given to Mary Vredenburgh, who, though requested, declined to defend the same. The tenant appeared and joined issue, and subsequently gave a *relicta* and *cognovit,* on which judgment was entered in August, 1820. In September following a writ of possession was issued, the tenant evicted and possession delivered to the agent of the state. In March, 1821, Luther Marsh, with the consent of Marovia

Marsh, and in compliance with his covenant of warranty, applied to the commissioners of the land-office for the pre-emption of the land as a bona fide purchaser pursuant to the provisions of the statute, and on 1st April, 1822, letters patent were issued to him for the land, he paying $140 as the consideration of the grant. Since the issuing of the patent, Marovia Marsh has possessed the land under his deed from Luther Marsh and under the letters patent. Before the commencement of this suit, Luther Marsh offered to pay the balance due on the mortgage, if Mrs. Vredenburgh would allow him a credit for the money paid by him to the state and the costs of the ejectment suit prosecuted by the state, which she declined, and brought her action to recover under the mortgage.

NEW-YORK, May, 1830.

Jackson v. Marsh.

*J. A. Spencer,* for the defendant. An *escheat* is in the nature of a *writ of right,* a judgment in which is *conclusive* upon the title, and may be plead in bar of *any other claim.* 3 *Black. Comm.* 194, 5. The proceeding in this case it was declared by statute should have the like effect *upon the title* as a proceeding by escheat; all persons are concluded *by it,* for any one having claim was entitled to come in and defend. The circumstance of a *cognovit* having been given does not affect the conclusiveness of the judgment. No collusion is shewn; on the contrary it appears, that after the refusal of the mortgagee to defend, the tenant who might then have suffered a default and charged the mortgagee on a covenant of warranty, if one had existed in the case, put in a plea, and only withdrew when he found a defence unavailing.

*M. T. Reynolds,* for the plaintiff. The defendant deriving his title from the mortgagor stands in the same relation to the mortgagee as did his grantor. A mortgagor cannot buy in and set up an outstanding title against his mortgagee. The mortgagor, and all claiming under him, are estopped by the mortgage from saying that no title was conveyed by the mortgagee. The judgment of escheat affects only the estate of him by whose death it is alleged the property has escheated and those claiming under him; besides, the confession of

NEW-YORK, judgment and subsequent purchase is evidence of fraud. 3
May, 1830. *Cowen*, 612.

Jackson
v.
Marsh.

*By the Court,* SAVAGE, Ch. J.   I am at a loss to conjecture upon what principle this suit can be sustained.  As mortgagee, were there no escheat in the case, the plaintiff would undoubtedly recover; but here has been an eviction by a paramount title.  That the judgment was by confession cannot operate against the defendant in this case; the lessor had notice, and declined defending.  The tenant then in possession was not bound to defend; judgment would of course have been taken by default.  The confession did not prejudice the plaintiffs.  By the statutes, the proceedings which have been had have the like effect as the proceedings under the act concerning escheats.  The judgment in favor of the people is conclusive until reversed.

The case is certainly not analogous to the case of *Osgood* v. *Manhattan Co.* 3 *Cowen,* 612, where it was decided that the acts of executors are not binding upon the heirs to prove the insolvency of their ancestor.  Here is a judgment regularly obtained; upon confession, indeed, and for good reason: the grantor in the deed under which the tenant held, and who must have been able to defend if he could, had refused to do so.  Had the tenant suffered judgment by default, the consequence would have been that both would have lost the land: and so they did under the confession.  Had any other person but Marsh become the purchaser from the state, there could have been no question raised; and I can see no difference in principle whether the purchase from the state be by the purchaser under the former claimant or by a stranger.  The title of the lessor has failed; the proceedings in ejectment prove it conclusively; and a tenant is at liberty to shew that his landlord's title is at an end.

I am of opinion that the defendant must have jugdment.