BOWDEWINE DECKER v. AMOS CASKEY and others.

If a mortgage be made of an estate to which the mortgagor has not a good title, and then he who has the real title conveys to the mortgagor or his representatives a good title, the mortgagee will be entitled in equity to the benefit of it.

The costs of an issue at law directed by a court of equity, do not follow the verdict as of course, but are in the discretion of the court.

A mortgagee, upon a bill for foreclosure, allowed his taxed costs of an issue at law directed by the court, to try the mortgagor's title to a part of the

mortgaged premises, although the verdict at law was adverse to the claim of the mortgagor; such costs being, in the opinion of the court, expenses properly incurred in the recovery of the mortgage money.

BILL for foreclosure and sale of mortgaged premises. Hearing upon the equity reserved, after a trial at law under the direction of the court, to determine the mortgagor's title to a part of the mortgaged premises, and a verdict adverse to such title. The chancellor having been of counsel with one of the parties, the cause was, at his request, heard before Elias Vanarsdale, esquire, one of the masters of the court, at April term, eighteen hundred and thirty-six.

*I. H. Williamson,* for complainant.

*J. S. Green,* for Amos Caskey, one of the defendants.

THE MASTER. This cause was submitted by Mr. I. H. Williamson, of counsel with the complainant, and Mr. J. S. Green, of counsel with the above named defendant, and the papers left with me since the term of April last. The bill was filed on the thirtieth of June, eighteen hundred and twenty-six, and among other things sets forth, That John Caskey, on the eighth of November, eighteen hundred and sixteen, was seized in fee of the premises in question, and executed, with his wife Mary, a conveyance for the same to his son, William Caskey, which was acknowledged in due form, but never recorded; and thereupon the said William Caskey took possession of the said premises, and afterwards, on the thirty-first of May, eighteen hundred and nineteen, the said William Caskey, with his wife Elizabeth, executed a mortgage to Joseph Chandler and David D. Chandler, on the same premises, to secure the payment of two thousand dollars, on the first of April, eighteen hundred and twenty-five, with interest, &c. according to the conditions of a bond therein referred to; which mortgage was acknowledged and recorded, and which said bond and mortgage, on the fifteenth of August,

eighteen hundred and twenty, were assigned by the said Joseph Chandler and David D. Chandler to the complainant. That since the said assignment the said William Caskey has departed this life intestate, and administration of his goods has been granted to Ellis Adams and John Post. That Ellis Caskey, Alvey Caskey and Eleanor Caskey, minors under the age of twenty-one years, have survived the said William Caskey, and are his children and heirs at law. That since the execution of the said deed by the said John Caskey and his wife, to the said William Caskey, the said John Caskey has died; and the bill sets forth the name of the widow, and the names of those who are the heirs at law of the said John Caskey, deceased, and entitled to the inheritance whereof he died seized in fee simple. That the complainant has not the said deed of John Caskey and wife, nor does he know where it is, or whether it is in existence or destroyed; and the object of the bill is to establish the said deed from John Caskey and wife, to obtain payment of the debt and interest secured by said mortgage, with costs, and for further relief.

Several answers by some of the defendants were filed, and a replication thereto, a decree pro confesso against other defendants, depositions taken and exhibits made; and the cause was brought to a hearing before the chancellor, assisted by the late chief justice Ewing, one of the masters of this court, in April term, eighteen hundred and thirty-one; and afterwards, on the fifteenth of May, eighteen hundred and thirty-two, a decree was made by the advice of the said master, among other things directing that an ejectment should be prosecuted by the complainant for nine undivided tenth parts of the said mortgaged premises. The question of costs, and further equity and directions, were reserved for the further hearing and final decree of the court. In October following, an order was obtained reviving and continuing the cause against the defendants therein named, and in April term, eighteen hundred and thirty-three, there was another decree pro confesso against other defendants. On the twenty-sixth of November following, the ejectment cause directed by the aforesaid decree

[Decker v. Caskey et al.]

was tried before Mr. Justice Drake at the circuit court held in Sussex county, and a verdict rendered for the defendants. There is no complaint that the judge misdirected the jury, or that they found an erroneous verdict, nor any application for a new trial. It would seem to be only carrying into effect this verdict, taken in connexion with the evidence in the cause, to determine that no title passed by the supposed deed in the pleadings mentioned, from John Caskey and wife to his son William Caskey. Nine-tenths, therefore, of the premises in the mortgage, in the pleadings also mentioned, from William Caskey and wife to Joseph and David D. Chandler, and by them assigned to the complainant, are not incumbered by the complainant's said mortgage, but are free and clear from the same. As to the remaining one-tenth part of the said mortgaged premises, upon the death of the said John Caskey the said tenth descended to the said William Caskey, one of the heirs at law of the said John Caskey, deceased. And although the title descended to and vested in the said William Caskey, after the execution of the said mortgage, it is nevertheless bound and incumbered thereby.

If a mortgage be made of an estate to which the mortgagor has not a good title, and then he who has the real title conveys to the mortgagor or his representatives with a good title, the mortgagee will be entitled in equity to the benefit of it : 1 *Pow. on Mort.* 190, (6th English edition); *Douglass,* 710 ; 1 *Salk.* 276 ; 4 *Peters' R.* 85.

The only case I have met with in which a different doctrine is held, is in 5 *Wendell,* 44 ; but no case is cited by the counsel or court in support of that decision. In *Smith* v. *Low,* 1 *Atk.* 490, it is said by the chancellor, among other things, Where a person of age makes a lease, and has nothing in the premises, but they afterwards descend to him, this lease shall enure by way of estoppel.

As to the costs of the issue, they do not follow the verdict as of course, but are in the discretion of the court : 1 *Grant's Prac.* 226. The issue in this case being directed by the court for its satisfaction, and there appearing to have been a deed made and

57

[Decker v. Caskey et al.]

acknowledged by John Caskey and wife, which was destroyed; I am of opinion that the defendants are not entitled to costs of the issue or of this suit. I am also of opinion, that the complainant is entitled to recover out of the said one-tenth part of the said mortgaged premises, his taxed costs of the said issue, being expenses properly incurred in the recovery of the mortgage money, together with his costs of this suit, to be taxed: *Ellison* v. *Wright*, 3 *Cond. Eng. Chan. R.* 482; 3 *Russell*, 458.

I do, therefore, respectfully advise your excellency to decree, that the plaintiff is entitled to relief and the aid of this court, to recover the debt and interest secured by his said mortgage, with his taxed costs of the said issue at law, out of the one-tenth part of the said mortgaged premises which descended to the said William Caskey, the mortgagor, upon the death of his father, John Caskey, being one of his heirs at law, together with the complainant's costs of this suit, to be taxed;—That it be referred to one of the masters of this court to take and state an account of the debt and interest secured by the complainant's said mortgage, with the amount of the taxed costs of the said issue at law;— That the said master make his report with all convenient speed; and also declare that the other nine-tenths of the said mortgaged premises are not incumbered thereby, but are free and clear of and from the said mortgage;—That the decree pro confesso against William Meeker and Sarah his wife, Samuel Caskey and Joseph Caskey; and the decree pro confesso against John Myers and Margaret his wife, Amos Caskey, Benjamin Caskey, William Caskey, Joshua Cole and Charlotte his wife, and John Caskey, be vacated and set aside as irregularly obtained: *Seaton's Decrees*, 372; 1 *C. C. R.* 426;—And that the complainant's said bill, as against the widow and children of John Caskey, the elder, deceased, who are defendants in this suit, including the children of Jane Buchanan, and also the children of John Caskey, junior, deceased, and the husbands of those that are married, defendants in this suit, do stand dismissed out of this court, without costs. Such dismission is not to extend to the administrator, the widow and her husband, and chil-

dren of William Caskey, deceased; but it is to extend to the other defendants, who are not interested in the said one-tenth of the premises in question, which are incumbered by the complainant's said mortgage. And that all further equity and directions be reserved until the coming in of the said master's report, for the further order and decree of this court.

Decree accordingly.