## INHABITANTS OF VEAZIE *versus* THE PENOBSCOT RAILROAD COMPANY.

The Penobscot Railroad Company, under their charter and the general laws of the State, had a right to construct their railroad over or under a highway, and, for that purpose, to raise or lower the highway.

But they were bound to exercise this right in such a manner as not to obstruct the highway unnecessarily, and to use reasonable care to protect those passing thereon from injury.

The company are liable for any injuries happening to any one passing on the highway, on account of their neglect to use such care.

Nor are the company exempt from this liability, although the change in the grade of the highway is made by contractors, grading the railroad under an agreement to do the work "according to the plans and directions of the chief engineer of the company," who is employed and paid by the company.

But a railroad company cannot, by *any* stipulations with contractors, relieve themselves from their obligation to protect the public from danger, when they interfere with, or obstruct a public highway.

When a person, passing upon a highway, receives an injury, wholly by reason of an illegal defect in the same, caused by the alteration thereof by a railroad company, the town in which it is situated is liable for such injury.

The railroad company is liable to indemnify the town for all the damage it has been compelled to pay, and for the costs and expenses reasonably and fairly incurred, in a suit against them by the person injured.

When the railroad company has been notified of the pendency of such a suit, and requested by the town to assume the defence of it, they are bound by the judgment, and it is conclusive against them as to the cause of the injury and the extent of the damage, whether they appear in the case or not.

The railroad company cannot avoid the effect of such a judgment, on the ground that they did not receive the notice until the day before the trial, it appearing that one of their directors was present at the trial and took notes, and that they made no request for a continuance or postponement of the trial.

Veazie *v.* Penobscot Railroad Company.

An action, by a town against a railroad company, for expenditures to put in good condition a highway obstructed by the company's railroad, can be brought only within one year from the time when such obstruction was caused or created.

But, when a town has been compelled to pay damages on account of a defect in a highway, caused by the construction of a railroad thereon, it may maintain an action therefor commenced within a year from the time when its liability is ascertained and fixed.

ON REPORT.

CASE to recover damages of the defendants for constructing their railroad across a highway, which the plaintiffs are bound to keep in repair, in such a manner as to render such way unsafe and dangerous for travellers thereon.

The case and the evidence, (so far as it relates to the questions of law raised,) are sufficiently stated in the opinion.

*Wakefield*, for plaintiffs.

*Rowe & Bartlett* and *N. Wilson*, for defendants.

1. The judgment, *Phillips* v. *plaintiffs*, was admissible only to show the fact of its rendition. For any other purpose, it is evidence only against parties or privies. *Sargent* v. *Salmond*, 27 Maine, 539; *Trustees of P. F. School* v. *Fisher*, 34 Maine, 172.

The notice of the suit was given too late: It cannot change the effect of the judgment.

2. The defendants, by their charter and the laws, had a right to construct their railroad across the highway. And they are not liable for damages consequent upon their contractors' doing, in an illegal way, a legal act, which the defendants rightfully hired them to do. Redfield on Railways, c. 22, and cases there cited.

3. The statute of 1853 does not apply to this case; and the action is not founded upon it.

4. The cut was an "obstruction" within the meaning of c. 81, § 11, of R. S. of 1841, and this action is barred by the limitation contained in that section.

5. If the Phillips judgment is admissible, it is a bar to this suit. The jury find, and the Court adjudge, that he

sustained his injury *through the negligence of the town* in not guarding the cut after notice of the existence of it. *Loker* v. *Damon*, 17 Pick., 284; *Thompson* v. *Shattuck*, 2 Met., 615.

The opinion of the Court was drawn up by

KENT, J.—The plaintiffs claim to recover of the defendants damages which they allege they have sustained by reason of the acts of the defendants, in causing a deep cut to be made in a highway in the town of Veazie. The first ground of damage is, the amount which the town has been compelled to pay to one Phillips, and the cost and expenses of defending a suit instituted by him against the plaintiffs, as primarily liable for the injuries caused by the defect. The second ground of damage is, the injury sustained by the town by the digging down, and the cost of repairs of the highway.

The defendants insist, in the first place, that whatever was done was done in pursuance of their legal right by their charter, § 8, and by c. 81, § 8, of R. S. of 1841.

By the provisions of those Acts, the railroad corporation had an unquestioned right to have their road pass over or under the highway; and, for that purpose, to raise or lower any part of it. But, both by those statutes and by the principles of the common law, the defendants were bound to exercise that right so as not unnecessarily to injure others. Corporations, as well as individuals, are bound to observe that excellent and compact rule, which has for centuries stood as the guardian and protector of individuals, against the reckless, tyrannical, or careless exercise of admitted rights. When applied to a case like this, it requires that the act permitted should be done in such a manner that the use of the road should not be unnecessarily obstructed, and that reasonable care should be used, by the erection of barriers, and otherwise, to warn and protect the citizens from danger and injury. The right to make the cut did not give the right to do it without due regard to the public safety;

and that required that all proper guards should be erected and continued, whenever there was danger of injury to any person by reason of the cut.  The charge in this case is, that the corporation made a deep cut, partly across the road, which was not well guarded, by sufficient railing, against accident; and that one Phillips, travelling on the road in the evening, using due care, walked or fell into the hole or cut so made, and was injured.  These allegations, if legally established, bring the case within the rule before stated, and it is not necessary to decide whether the provisions of the Act of 1853, (R. S. of 1857, c. 51, § 15,) are applicable to this case.  Under that Act, if the crossing had been made without the consent and action of the County Commissioners, or city authorities, as therein set forth, it would have been a nuisance, and, of course, an illegal and unjustifiable act.  We have considered this point on the assumption that the act of cutting was legal.  *Lowell* v. *Boston & Lowell Railroad*, 23 Pick., 24; *Drew* v. *New River Co.*, 6 Carr. & P., 754.

It is further objected that this company is not liable for damages consequent upon the acts or neglects of the persons who had contracted with the corporation to do the work. It is contended that the contract was a legal one, and only authorized a legal act; and that, if the contractors performed this legal act in an illegal manner, the company is not responsible.

This point, it would seem, must have been raised and determined when this case was before the Court, at a former term, on a statement of evidence offered.  The fact that this work was done by contractors, was distinctly stated in that report; and the Court, by ordering the case to stand for trial, notwithstanding that fact, necessarily determined that it did not debar the plaintiffs from maintaining this suit.

We are not disposed to discuss at length the questions which have arisen in different Courts in England and in this country, in relation to the limits of the liability of individ-

uals who have contracted with others to do certain work, and by the negligence or fault of such contractors, during the progress of the work, injuries have arisen to others. The cases on this subject are collected and commented upon very ably, by Mr. Justice THOMAS, in the case of *Hilliard* v. *Richardson*, 3 Gray, 349. When applied to cases between individuals, not involving any question of public right, the rule, that if the injury occurred in the ordinary course of doing the work, and as part of it, the employer may be liable, but if, from some irregularity of the contractor, outside of his contract, he alone is responsible, may perhaps be the true and just one, where the relation is simply that of a contractor who is to perform his work without any interference, or control, or direction by the party employing him. Where such right to direct or control exists, or where the relation is that of master and servant, a different and opposite rule may be enforced.

In the case before us, the company stipulate that the work is to be done "according to the plans and *directions* of the chief engineer of said company," who is "to be employed and paid by the company." See *Wyman* v. *Pen. & Ken. Railroad Co.*, 46 Maine, 162.

But we place the decision on this point on the well settled doctrine, that, where the Legislature, as guardian of the rights of the public in a highway, permits a corporation or individual to use or interfere with the way, and to obstruct its use, on condition, express or implied, that all requisite care is to be taken to protect others from injury, the right thus granted must be exercised by the party to whom it is granted, and cannot be assigned, so as to relieve the party from the faithful execution of the power. The company may doubtless make contracts for the performance of the work; but cannot avoid their obligation to protect the public against danger, by the stipulations they may make. The grant of the Legislature is to a known and responsible company, as it is to be presumed, over which the Legislature has more or less control. Important rights are to be affect-

ed, and it would be a dangerous, as well as an unsound doctrine, to allow such a body to transfer their liabilities and obligations to the public and the individual citizens, to irresponsible or transient contractors. In the execution of such a trust, or power, the company must be responsible, whatever contracts they may make. *Hilliard* v. *Richardson*, 3 Gray, 349; *Bailey* v. *Mayor, &c., New York*, 3 Hill, 531.

It is settled by various decisions, that, where railroads have the power by law to cut through and alter highways, and, in so doing, travellers sustain an injury, without fault on their part, by reason of an illegal defect, the towns in which the highways are situated are primarily liable for such injuries. *State* v. *Gorham*, 37 Maine, 451; *Willard* v. *Newbury*, 22 Vt., 458; *Currier* v. *Lowell*, 16 Pick., 170.

A town thus made liable may sustain an action for indemnity against the railway company, if that company was first and principally in fault and the wrongful cause of the defect or neglect. The town is compelled by law and public policy to stand as guarantors, or in a position like that of surety for the company, that it shall not be guilty of neglect. When the wrong or neglect is altogether on the part of the company, the town may nevertheless be held to make good the injury to the individual. The liability of the railroad company is to indemnify the town fully for all the damages it has been compelled to pay, and for the costs and expenses reasonably and fairly incurred. *Lowell* v. *B. & L. R. R. Co.*, 23 Pick., before cited; *Duxbury* v. *Vermont Central Railroad*, 26 Vt., 751; *Hayden* v. *Cabot*, 17 Mass., 169.

The Judge in this case ruled that the evidence put in was sufficient to authorize a verdict for plaintiffs, and was conclusive upon the defendants as to the cause of the injury to said Phillips, and as to the extent of the damage. The principal point thus raised, is, whether the judgment recovered by Phillips, against the town, with the parol evidence, is conclusive upon defendants as to the cause and extent of the damage. The rule seems to be established,

that, when a person is responsible over to another, either by operation of law or by express contract, and he is notified of the pendency of the suit, and requested to take upon himself the defence, he is not afterwards to be regarded as a stranger to the judgment that may be recovered; because he has a right to appear, and make as full defence, as if he were a party to the record. *Coates* v. *Roberts*, 4 Rawle, 100. A judgment, after such notice, will be conclusive against him, whether he appeared or not; *Jackson* v. *Marsh,* 5 Wend., 44; *Thrasher* v. *Haines*, 2 N. H., 433.

It must be made to appear that the action is for a cause for which the defendant is liable. We think it does sufficiently appear, in this case, that the injury sustained by Phillips, for which he sued, was occasioned by the acts or neglects of the railroad company. The declaration in the writ, *Phillips* v. *Veazie*, sets out, substantially, the same defect in the same place in the highway as the writ in this case, viz. : — a cut partly across or into the highway, which was not well guarded by sufficient railing. The plaintiffs also introduced parol proof that the *locus* of the injury to Phillips was where the railroad, as located, crossed the highway, and that the cut was there made by the corporation or its agents.

The two declarations are identical. There is no cause for the injury set out in the first declaration which is not found in the one before us. With the connecting parol evidence, the identity of the cause of action, upon which the recovery was had, with that in this case, is sufficiently established.

The defendants contend that they did not have sufficient notice of the pendency of the former suit, and therefore are not concluded by it. The notice was given to the President, and to Mr. Wilson, a counsellor of this Court and a director of the company, on the day before the trial commenced, and Mr. Wilson was present at the trial, and took notes, but no part in the trial. The notice certainly gave but little time for preparation. But the town, so far as it appears, had made all necessary preparations, and the cause

was fully and fairly tried. If the company had desired further time for preparation, they should have moved the Court for a continuance, or have notified the town that they desired more time, or in some manner signified a wish for postponement. The fact that a director attended and took notes is important, and shows that that officer of the company had an opportunity to know how the trial was conducted.

The notice requested the company to assume the defence. If they had desired to do so, there was time sufficient to notify the town of that fact, before, or during the trial. No such notice was given, or desire expressed. We think they cannot now avoid their liability on this ground.

The defendants interpose the objection that both the claims sued for are barred by the limitation contained in § 11, of c. 81, R. S. of 1841.

That limitation of actions, to "one year after the causing of such obstruction," obviously refers to the right of action given in the preceding section, and is restricted to such actions as are brought by the town to recover damages done to the road itself, or for the amount expended by the town in putting the way in good repair, after neglect of the corporation so to do. This construction covers the claim in this case, "for the repairs of the cut and road." The action not having been commenced within one year after the obstruction and these expenditures, the limitation applies, and the plaintiffs cannot recover for this item.

The other claim is not for an injury to, or expenditures upon the road, but to recover damages from this railroad corporation, for which the town was held liable, primarily, by a judgment of the Court. The town could not legally commence the action until the damages to the individual had been ascertained and fixed in some mode, and the plaintiffs held liable therefor. In the 11th section, before referred to, the limitation is to one year after the obstruction is caused or created. But, if an injury to an individual should happen by reason of such obstruction, more than a year after its first creation, the right of action for such injury, against

the town or corporation, would not be barred by this limitation of the statute. In this case, the action was commenced within a year after the liability of the town was ascertained and fixed. The right of action then first accrued, and the plaintiffs may recover for this item.

Judgment for plaintiffs for the amount paid to Phillips on his judgment against plaintiffs, with interest thereon, to time of final judgment in this case; also, for reasonable charges for counsel fees, witnesses, and expenses in defending said suit of Phillips, and interest thereon, as above.

TENNEY, C. J., RICE, APPLETON, CUTTING and MAY, JJ. concurred.