### McCANN *v.* KINGS COUNTY EL. R. CO.

*(City Court of Brooklyn, General Term.* June 27, 1892.)

ELEVATED RAILROADS—PAINTING SUPERSTRUCTURE—NEGLIGENCE OF CONTRACTOR'S EMPLOYES.

An elevated railroad company is not liable for the negligence of the employes of a person contracting to paint its superstructure, in permitting a canvas stretched thereunder for the interception of paint drops to become loose so as to flap with the wind and frighten horses in the street.

Appeal from trial term.

Action by George McCann against the Kings County Elevated Railroad Company.   From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before CLEMENT, C. J., and OSBORNE, J.

M. L. Towns, for appellant. Tracy, McFarland, Boardman & Platt, for respondent.

CLEMENT, C. J. The plaintiff proved, on the trial of this case, that he was driving under the elevated railroad of the defendant on Fulton street in this city, and that his horse was frightened by the flapping of the canvas suspended under the structure as a protection against the dripping of paint on the street while painters were at work; that the canvas was so carelessly hung as to become loose, whereby the horse of plaintiff was frightened and ran away; and that plaintiff was thrown from his wagon and injured. The defendants had contracted with another party to do the painting, and the question to be decided is whether or not the company is liable for the negligence of the employes of said contractor. The complaint was dismissed at the trial, and the plaintiff has taken this appeal.

Assuming that negligence was proven on the part of the employes of the contractor, we are of opinion that the defendant is not liable on the facts of this case. Whenever the state has granted a franchise to a railroad company whereby it is necessary, in the construction or repair of the road, to interfere with the highway, a duty is imposed upon such company, in the performance of any work necessarily dangerous, to exercise due care that travelers on the highway shall not be injured, and the corporation cannot evade or assign such duty. Woodman v. Railroad Co., 149 Mass. 335, 21 N. E. Rep. 482; Veazie v. Railroad Co., 49 Me. 119. If the work is performed by a contractor, the company is liable for his negligence if it arises from the thing itself which he was employed to do. If the injury results from a collateral act on the part of the employes of the contractor, then the railroad company is not in fault. It is sometimes difficult to decide whether an injury resulted from the work itself or from an act which took place during the performance of the work. A city, by reason of the grant of a charter, assumes a duty to care for the condition of its highways. In the leading case of Storrs v. City of Utica, 17 N. Y. 104, the city had entered into a contract to build a sewer, and the contractor had dug a dangerous trench in a street, and it was held that the city was liable for failure to provide lights at night near the excavation as a protection to travelers. Judge COMSTOCK says, (page 108:) "The cause of the accident, therefore, was not in the manner in which the work was carried on by the laborers. If it had been, their immediate employer, and he alone, was liable for the injury. But, in a sense strictly logical, as it seems to me, the accident was the result of the work itself, however skillfully performed." See, also, Brusso v. Buffalo, 90 N. Y. 679. There are many cases, on the other hand, where the municipality has been held not liable where the act or thing complained of arose from the manner in which the work was performed, following the cases of Pack v. Mayor, 8 N. Y. 222, and Kelly v. Mayor, 11 N. Y. 432. In Reedie v. Railway Co., 4 Exch. 244, cited by Judge EARL in the McCafferty Case, 61 N. Y. 178, the workmen in the employ of a contractor, who were building a bridge over a highway, negligently caused a stone to fall upon a person in the highway, whereby he was killed, and it was held that the railroad company was not liable. See, also, Hole v. Railway Co., 6 Hurl & N. 490; Dalton v. Angus, 6 App. Cas. 829; Water Co. v. Ware, 16 Wall. 566. While it is true that elevated and surface railways have received grants to use the streets of New York and Brooklyn, and, in consideration of such grants, a duty is imposed upon them to exercise care in the manner in which they use the streets so as not to injure persons using the same, we are not able, from the authorities, to spell out that any greater duty is imposed upon railroads than upon cities and villages in the care of highways. In the construction of the elevated railroads it was necessary to excavate for foundations of the columns, and clearly a

duty was imposed upon the companies to. guard the excavations in the streets, and for failure to exercise proper care they would be liable, though such excavations were made by employes of an independent contractor. On the other hand, there was nothing dangerous in placing a canvas under the structure to protect persons in the street from the dripping of paint. It was necessary for the contractor so to do, and the fact that a canvas might become loose and flap by the wind was collateral. It was due to carelessness during the performance of the work, and not the direct result of the work itself. The officers of the defendant were not bound to foresee that such a thing might happen, and it was not necessary, to protect the company from liability, that they should employ men to watch the canvas, and, if it became loose, to restore it to its proper place. It is a fact that anything not authorized by law overhanging a public highway, which can do injury, is a nuisance, but if it is authorized, it is not. The canvas, unless it became loose, or even if it did, was not any more liable to frighten horses on the street than a locomotive running on the elevated track, and yet it would not be claimed that the company would be liable if a horse ran away and did damage where it was frightened by the steam or noise from a train operated in a careful and the ordinary way. There was nothing unlawful in the use of the canvas, because it was necessary, and the plaintiff was injured solely by the carelessness of the employes of the contractor during the performance of the work. Judgment affirmed, with costs.