INTERNATIONAL PAPER
COMPANY, Plaintiff,

v.

A & A BROCHU, Defendant.

Civ. No. 95–0021–B.

United States District Court,
D. Maine.

Oct. 11, 1995.

**716**

Elizabeth G. Stouder, Richardson, Whitman, Large & Badger, Portland, ME, for plaintiff.

Keith A. Powers, Preti, Flaherty, Beliveau & Pachios, Portland, ME, for defendant.

## ORDER AND MEMORANDUM OF DECISION

BRODY, District Judge.

Plaintiff, International Paper Company seeks indemnification from Defendant, A & A Brochu, pursuant to an indemnification clause in a wood purchase contract between the Parties. The Parties agree that the material facts are not in dispute, and have filed cross motions for Summary Judgment. For the reasons that follow the Court grants Summary Judgment in favor of Plaintiff.

### Background

In June of 1989 the Parties entered into a wood purchase contract ("the contract") pursuant to which Plaintiff agreed to buy and Defendant to sell various amounts and types of pulpwood. Clause 9 of the contract, entitled "Independent Contractor Status and Indemnification," lies at the heart of the present dispute. Specifically, Clause 9 requires Defendant to indemnify Plaintiff for all claims brought against it, including those caused by Plaintiff's negligence. The relevant portion of Clause 9 of the contract reads:

> Independent Contractor Status and Indemnification.... PURCHASER shall in no way be liable for any claims for personal injuries (including death), whether the same be injuries to Its employees or other persons, or damage to any type of property, caused by, resulting from, or attributable to the operations of SELLER or any supplier under this agreement, and SELLER does hereby agree to indemnify and hold harmless PURCHASER from and

against any and all claims, damages, debts, demands, suits, actions, attorney fees, court costs and expenses arising out of, attributable to, or resulting from SELLER'S or any supplier's said operations, whether the same are caused or alleged to have been caused in whole or in part by the negligence of PURCHASER, Its agents or employees.

In late 1989, one of Defendant's employees, Donald Rich, suffered an injury while delivering some of the contracted pulpwood to Plaintiff. Rich sued Plaintiff, seeking damages for his injuries. On February 22, 1994, Plaintiff sent a letter notifying Defendant of Rich's suit, tendering the defense of the suit to Defendant and requesting indemnification under Clause 9. Defendant failed to respond. In March, 1994, Rich won a judgment of $175,000, which with costs and interest, finally totaled $202,500. Plaintiff paid the judgment in full and filed the present indemnification action against Defendant.

### Summary Judgment

Courts properly grant summary judgment when the moving party demonstrates the absence of a genuine issue of material fact, and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party may rely on deposition testimony, answers to interrogatories, admissions on file and affidavits to meet its burden. *Id.* In addition the moving party may satisfy its burden by demonstrating an absence of evidence to support an essential element of a claim for which the nonmoving party bears the burden of proof. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). To defeat summary judgment, the nonmoving party need only present evidence from which a jury might return a verdict in its favor. *Anderson v. Liberty Lobby,* 477 U.S. 242, 257, 106 S.Ct. 2505, 2514–15, 91 L.Ed.2d 202 (1986). The nonmoving party, however, may not rest on mere allegations or denials, but must employ affidavits, admissions, deposition testimony and answers to interrogatories to set forth specific facts establishing a genuine issue for trial. Fed.R.Civ.P. 56(e).

## Discussion

The parties agree that interpretation of the indemnification clause, Clause 9, provides the sole issue for disposition. Plaintiff argues that the plain language of the clause requires Defendant to indemnify Plaintiff for the judgment Rich obtained against Plaintiff. Defendant argues that (A) the Donald Rich case fails to trigger the clause, (B) the clause is not worded broadly enough to waive its workers compensation immunity, and (C) Plaintiff failed to provide sufficient notice prior to Rich's suit for Defendant to protect its interest.

### A. The Donald Rich Case Fails to Trigger the Indemnification Clause

■ Clause 9 of the wood purchase contract requires Defendant to indemnify Plaintiff against all claims "arising out of, attributable to, or resulting from" Defendant's operations. As an initial matter, Defendant asserts that (1) Plaintiff has offered no evidence establishing that Donald Rich's accident involved its operations, and (2) since Plaintiff caused Donald Rich's injury, that injury cannot be "attributable to" Defendant's operations. Plaintiff disputes Defendant's narrow construction of "attributable to," arguing that since the injury occurred during performance of the contract, it must be attributable to Defendant's operations.

■ Courts must generally interpret unambiguous contract provisions on the basis of the plain meaning of the language and the four corners of the contract document. *People's Heritage Savings Bank v. Recoll Management, Inc.*, 814 F.Supp. 159, 162 (D.Me. 1993). Indemnification clauses do not present an exception to the rule. *See Devine v. Roche Biomedical Laboratories, Inc.*, 637 A.2d 441, 446 (Me.1994). Like any other contractual provision, an indemnification clause should be interpreted according to its plain, unambiguous language. *Id.* at 446. Thus, indemnification claims based on contracts must rest upon a "clear, express, specific and explicit contractual provision" under which the indemnitor has agreed to assume the duty to indemnify. *Id.*

In this case, the four corners of the document make clear that Donald Rich was engaged in Defendant's operations when he suffered his injury. *See People's Heritage Savings Bank*, 814 F.Supp. at 162. The contract enumerates the terms under which Defendant will supply and deliver pulpwood to Plaintiff. Defendant's operations, therefore, must include the supply and delivery of pulpwood. At the moment of his injury, Rich was carrying out the duties of his employment, the delivery of pulpwood to Plaintiff in performance of the contract.

Additionally, the plain language of Clause 9 makes clear that Rich's accident is attributable to Defendant's operations. *See People's Heritage Savings Bank*, 814 F.Supp. at 162. To avoid this conclusion, Defendant seeks to equate "attributable to" with "caused by." Defendant's interpretation, however, would render the indemnification provision meaningless. The disputed sentence of Clause 9 states that Defendant must indemnify Plaintiff for all injuries "arising out of, attributable to or resulting from" its operations, even if those injuries "are caused or alleged to have been caused in whole or in part by the negligence" of Plaintiff. Read in its entirety, the sentence does not limit Defendant's indemnification obligation to injuries it causes. Instead, the sentence indicates that Defendant must indemnify Plaintiff for all injuries that derive from performance of the contract, including those it did not cause. The Court declines to interpret contractual language in one part of a sentence so as to render meaningless language in a subsequent part of the same sentence. *Cf. Top of the Track Associates v. Lewiston Raceways, Inc.*, 654 A.2d 1293, 1296 (Me.1995) (courts should avoid interpretations that would render meaningless any particular provision in the contract). The sentence as a whole reflects the Parties' intention that any claim deriving from the performance of the contract triggers the indemnification provisions of Clause 9. *See Foster v. Foster*, 609 A.2d 1171, 1172 (Me. 1992) (contracts are to be interpreted to give effect to the intention of the parties as reflected in the written instrument).

### B. Statutory Immunity

■ Defendant next argues that the indemnification clause fails to waive the immu-

nity from suit provided to employers by the Maine workers' compensation statute. Generally, the exclusivity and immunity provisions of the workers' compensation statute preclude employees from suing employers for damages resulting from work-related injuries.[1] *Li v. C.N. Brown, Co.*, 645 A.2d 606, 608 (Me.1994); *Beverage v. Cumberland Farms Inc.*, 502 A.2d 486, 489 (Me.1985). Employers, however, can contractually waive workers' compensation immunity, provided that the waiver meets a strict standard. *See Roberts v. American Chain & Cable Co.*, 259 A.2d 43, 51 (Me.1969); *Diamond International Corp. v. Sullivan & Merritt*, 493 A.2d 1043, 1048 (Me.1985). To constitute a waiver of immunity, a contractual indemnification provision must either specifically waive immunity or state that the indemnitor assumes potential liability for actions brought by its own employees. *Diamond*, 493 A.2d at 1048. In *Diamond*, for example, the location of the clause on the back of a purchase order, vague language and obfuscatory title all led the court to conclude that the clause failed to waive the employer's statutory immunity. *Id.; see also Fowler v. Boise Cascade Corp. v. I.M.C. of Virginia*, 948 F.2d 49, 57–8 (1st Cir.1991) (indemnification clause failed to waive workers' compensation immunity under Maine law).

The strictness of the standard, however, does not mean that every effort to contractually waive workers' compensation immunity will fail. *See Gatley v. United Parcel Service, Inc. v. Nutter*, 662 F.Supp. 200, 202 (D.Me.1987). The clause at issue in *Gatley*, in contrast to *Diamond*, explicitly stated that the employer would assume all liability for any damages or injury, including injury to its own employees, and that benefits payable under workers' compensation would in no way affect the indemnity obligation. 662 F.Supp. at 201–02. The clause satisfied both prongs of *Diamond*, and the court enforced the clause and required indemnification. *Id.*

The relevant portion of Clause 9 in this case states: "PURCHASER shall in no way be liable for any claims for personal injuries (including death) *whether the same be injuries to its employees or to other persons ...*" (emphasis added). Defendant, citing *Diamond*, contends that absent a specific reference to its own employees, Clause 9 cannot constitute an explicit waiver of its immunity. The Court disagrees. The indemnification provision in Clause 9 appears in the body of the contract, and carries a clear title, "Independent Contractor Status and Indemnification." The clause is not hidden on the back of a non-contract document under an obfuscatory title. *See Diamond*, 493 A.2d at 1048. Moreover, if not as precise as the clause upheld in *Gatley*, the language "to other persons" in Clause 9 is inclusive; it encompasses all persons, including Defendant's employees.

As Defendant points out, the language in Clause 9 is broad and sweeping in its inclusiveness. The Court has difficulty reconciling that breadth with Defendant's argument that such an "all encompassing phrase" cannot include Defendant's own employees. *Diamond* sought not to identify the sole combination of words through which an employer can waive immunity, but to protect parties from waiving their immunity without explicitly manifesting their intent to do so. *See* 493 A.2d at 1048. The phrase "other persons" constitutes the type of explicit manifestation of Defendant's intent to assume potential liability for its own employees that *Diamond* requires. *See id.* Defendant cannot now attempt to evade that liability by arguing that the inclusive phrase "other persons" somehow excludes its own employees.[2]

## C. Common Law Immunity

▮▮▮▮ The indemnification clause requires Defendant to indemnify Plaintiff for injuries,

---

1. Although Maine has revised portions of its workers' compensation act over the past several years, the exclusivity and immunity provisions have remained substantively intact. *See* 39 M.R.S.A. § 4; 39–A M.R.S.A. § 104; 39 M.R.S.A. § 28; 39–A M.R.S.A. § 408; *see also Li v. C.N. Brown Co.*, 645 A.2d 606, 607, n. 1 (Me.1994). Thus cases interpreting those provisions continue to control.

2. The Court is not persuaded by Defendant's argument that its contractual obligation to procure workers' compensation insurance led it to assume it would maintain its statutory immunity. Clause 10, "Insurance," simply requires Defendant to procure insurance sufficient to insure against the liability it assumed in the contract, including vehicle insurance, general liability insurance and workers' compensation insurance.

even those caused in whole or in part by Plaintiff's negligence.[3] Defendant correctly points out that the Maine common law views clauses indemnifying a party against its own negligence with disfavor, and directs courts to construe them strictly against such a result. *Emery Waterhouse Co. v. Lea,* 467 A.2d 986, 993 (Me.1983). When the contract reflects a mutual intention by the Parties for such a result, however, courts must honor that intention and enforce the agreement. *Id.* A clear reflection of mutual intent requires language from the face of which the parties unambiguously agree to indemnification for the indemnitee's negligence. *Id.* Thus, where such language is absent from the agreement, or the agreement specifically excludes indemnification for indemnitee negligence, *Emery* forecloses such indemnification. *See McGraw v. S.D. Warren Company v. Cianbro Corp.,* 656 A.2d 1222, 1223 n. 1 (Me.1995); *Fowler,* 948 F.2d at 57 n. 6; *Paris Utility Dist. v. A.C. Lawrence Leather Co.,* 861 F.2d 1, 2 (1st Cir.1988); *Burns & Roe, Inc. v. Central Maine Power Co.,* 659 F.Supp. 141, 143 (D.Me.1987). Where the provision expressly extends indemnification to indemnitee negligence, however, *Emery* will not preclude enforcement. *See Gatley,* 662 F.Supp. at 201–02 (clause upheld where it explicitly extended indemnification to indemnitee's negligence.)

Clause 9 explicitly provides that Defendant will indemnify Plaintiff for any claims, "whether the same are caused or alleged to have been caused in whole or in part by the negligence of PURCHASER, its agents or employees." That language reflects a clear and unambiguous mutual intent of Plaintiff and Defendant that Defendant would indemnify Plaintiff for claims caused by Plaintiff's negligence. *See Gatley,* 662 F.Supp. at 201–02 (similarly explicit language satisfied *Emery* ). Accordingly, Clause 9 meets the *Emery* standard. *See* 467 A.2d at 993.

Nothing in the language of Clause 10 leads to the conclusion that Clause 10 in any way circumscribes the scope of Clause 9.

3. The relevant language reads: " . . . SELLER does hereby agree to indemnify and hold harmless PURCHASER from and against any and all claims, damages, debts, demands, suits, actions,

### D. Timeliness of Notice

Finally, Defendant argues that it did not receive sufficient notice of Donald Rich's suit. Plaintiff first notified Defendant of Rich's suit in late February, 1994. By then the discovery period had ended, the case had been scheduled for jury impanelment in early March and for trial later that month. Defendant contends that the lateness of the notice would have prevented it from protecting its interest and taking an active role in the case had it so desired. Unremarkably, Plaintiff disagrees.

Timeliness of notice in the context of contractual indemnification provisions has not been the subject of frequent litigation in Maine. The case most directly on point dates back well over 100 years. *See Inhabitants of the Town of Veazie v. Penobscot Railroad Co.,* 49 Me. 119 (1860). That case, however, remains instructive. In *Veazie,* a town sought indemnification from a railroad company for an injury caused by railroad construction that damaged a public road. *Id.* at 121. The town informed the railroad of the suit against it one day before trial, and the railroad attorney attended the trial and took notes. *Id.* at 125–26. The Law Court held that one day constituted timely notice to the railroad because even at that late date the railroad could have moved for a continuance, notified the town it desired more time, or indicated in some other manner it desired more time. *Id.* at 126. Moreover, the court noted, by all appearances the town had made all necessary preparation for trial and had fully and fairly tried the case. *Id.* at 125–26. From *Veazie,* the Court concludes that adequacy of notice depends upon whether or not the indemnitor had the opportunity to assert and protect its interest in the litigation. *See id.; see also* E.H. Schopler, Annotation, *Sufficiency and Timeliness of Notice by Indemnitee to Indemnitor of Action by Third Person,* 73 A.L.R.2d 504, 536 (1960).

attorney fees, court costs and expenses arising out of, attributable to, or resulting from SELLER'S or any supplier's said operations, whether the same are caused or alleged to have been caused in whole or in part by the negligence of PURCHASER, Its agents or employees."

In the present case, the Court finds that Defendant had adequate notice of the suit for which Plaintiff now seeks indemnification. Even though notice did not arrive until after the discovery period and one month prior to trial, several courses remained through which Defendant could have protected its interest. *See Veazie,* 49 Me. at 126. Among other options, Defendant could have sought to intervene, either under Federal Rule of Civil Procedure 24(a) or (b), to extend the period of discovery, or continuance of the trial. Instead, Defendant opted not to respond to Plaintiff's notification. That Defendant chose not to do so, however, does not diminish the fact that it received adequate notice to take steps to protect its interest in the underlying suit, if that indeed had been their purpose.[4]

### Disposition

The Court *GRANTS* Plaintiff's Motion for Summary Judgment and *DENIES* Defendant's Cross Motion for Summary Judgment.

*SO ORDERED.*

---

**4.** Given the Court's determination that Plaintiff provided Defendant timely notice of the Rich suit, the Court need not address Defendant's assertion that Plaintiff has failed to provide assurance that it defended the suit so as to protect Defendant's interest. Even if Plaintiff in some instances has a burden to provide such assurance, a matter upon which the Court expresses no opinion, Defendant's failure to protect its own interest when it had the opportunity precludes this argument.