STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  DOCKET NO. 21-185


WARREN WHITNEY


v.                                                ORDER


SHERI-KEY


Before the court is Third Party Defendant Eastern Excavation, Inc.'s ("EEI") Motion for

Summary Judgment on Third Party Plaintiff Sheri-Key's ("Sheridan") Third Party Complaint.

The contract between EEI and Sheridan purports to allow indemnification in the event Sheridan

is sued as a result of an injury to one of EEI's employees. EEI's motion argues that the contract

fails to waive EEI's immunity under the Worker's Compensation Act.[1] As described below, the

motion is granted.

The facts of the case relevant to the motion are not in dispute. Plaintiff was an employee

of EEI. EEI entered into a contract with Sheridan as a subcontractor working at a Sheridan

jobsite. Plaintiff was injured at the job site, and he filed suit against Sheridan alleging that

Sheridan's negligence caused his injuries. Sheridan filed a third-party complaint against EEI

alleging that EEI's negligence caused Plaintiff's injuries and that EEI has a contractual

obligation to indemnify Sheridan to the extent Sheridan is liable for EEI's injuries.

The indemnification provision in the contract between EEI and Sheridan requires that

---

[1] In its reply memorandum, EEI argues that summary judgment should be granted because Sheridan did not
provide any evidence of EEI's negligence. The court does not consider the argument because EEI did not raise its
lack of negligence as a basis for its motion for summary judgment or put forth facts in its statement of material facts
establishing that there was no negligence. *Corey v. Norman, Hanson, & DeTroy*, 1999 ME 196, ¶ 9, 742 A.2d 933
(plaintiff not required "to establish in the written material filed in opposition to a motion for summary judgment a
prima facie case for those elements of the cause of action not challenged by the defendant.").

> Subcontractor agrees to and shall indemnify and hold harmless The Sheridan Corporation, the Owner, and any and all of their agents and employees from and against all claims damages, losses and expenses including attorney's fees, arising out of or resulting from the performance of and completion of the Work provided that any such claim, damage, loss or expense results from bodily injury, sickness, disease or death or injury or destruction of property including loss of use resulting therefrom, and is caused in whole or in part by any act or omission of subcontractor or anyone directly or indirectly employed by them or anyone for whose acts Subcontractor may be liable. In any and all claims against The Sheridan Corporation or any of their agents or employees the indemnification obligation described above *shall not be limited by any limitation on the amount or type of damages, compensation, benefits payable by or for subcontractor under Workers' Compensation Acts, disability benefit acts or other employee benefit acts.*

(emphasis added).

As the Plaintiff's employer, EEI starts out immune both from suit from the Plaintiff and from a contribution action by Sheridan. 39-A MRS § 104; *Diamond Int'l Corp. v. Sullivan & Merritt, Inc.*, 493 A.2d 1043, 1045-46 (Me. 1985). An immune employer can contractually agree to indemnify a party who is sued for the employee's injuries. That contractual provision is only enforceable, however, if it "clearly and specifically contains a waiver of the immunity of the workers' compensation act, either by so stating or specifically stating that the indemnitor assumes potential liability for actions brought by its own employees." *Diamond Int'l Corp*, 493 A.2d at 1048. A court applying Maine law should strictly construe waivers so as to preserve statutory immunity. *Fowler v. Boise Cascade Corp.*, 948 F.2d 49, 56 (1st Cir. 1991). "The strictness of the standard, however, does not mean that every effort to contractually waive workers' compensation immunity will fail." *Int'l Paper Co. v. A & A Brochu*, 899 F. Supp. 715, 718 (D. Me. 1995). Furthermore, "in interpreting this indemnification clause, the question is not whether compensation will be paid but rather which Defendant shall pay. In this situation, the public policy arguments for construing the clause against the party relying upon it, or for finding

2

the clause unenforceable, are substantially weaker." *Gatley v. United Parcel Serv., Inc.*, 652 F. Supp 200, 202 (D.Me. 1987).

To determine whether the language in this contract is sufficiently "clear and specific" to waive immunity, the Court compares it to language used in other federal and state cases applying Maine law to an indemnification provision. In *Diamond*, the Court found there was no waiver of immunity when the agreement was a collection of documents and there was no allegation of any language that was clear and specific waiver of immunity.

In *Fowler*, the provision read:

> 16.1 *Contractor's Indemnity*. Contractor [I.M.C.] shall indemnify, save and hold Boise Cascade harmless from and against any and all loss, damage, expense, responsibility and/or liability for all loss or injury of any kind or nature (including death) to all persons or property, or for claims therefor, whether or not Boise has suffered actual loss . . . resulting from, pertaining to or arising out of performance of this Contract by Contractor, its employees, agents, assigns . . ..
> The Contractor shall assume, on behalf of Boise Cascade, the defense of any lawsuit or administrative proceeding which may be brought against Boise Cascade upon any such claim, demand, right, action or cause of action, and pay on behalf of Boise . . . the amount of any judgment that may be entered against Boise in connection therewith. This indemnity shall not cover losses caused by Boise Cascade's sole negligence.

*Fowler v. Boise Cascade Corp.*, 948 F.2d 49, 57 n.6 (1st Cir. 1991). The Court found no waiver of immunity, but there is no language at all that purports to either waive immunity or apply to a claim by an employee of the contractor. Therefore, the facts of *Diamond* and *Fowler* do not help EEI.

In *Gatley v. United Parcel Serv., Inc.*, the United States District Court found that the following language did waive immunity.

> The Contractor hereby assumes entire responsibility and liability for any and all damages or injury of any kind or nature whatsoever, caused by, resulting from, arising out of, incidental to, or accruing in connection with the execution of the work provided for in this Agreement. Such damage and injury shall include . . . injury to all persons, *including employees of the Contractor* . . . .

3

> The Contractor agrees to indemnify and save harmless UPS, its agents, servants, and employees from and against any and all claims, liabilities, loss and expense by reason of any liability imposed by law upon UPS for any above described damage or injury, however such may be caused, including but not limited to such damage or injury as is caused by the sole or concurrent negligence of UPS, its agents, servants and employees . . . . *This indemnity obligation shall not be limited in any way by benefits payable under Workmen's Compensation acts . . . .*

662 F. Supp. 200, 201-02 (D. Me. 1987) (emphasis added). The contract in *Gatley* comes close to the contract in this case. Furthermore, if the contract here tracked the contract in *Gatley,* the court would find that EEI waived their workers' compensation immunity.

In two important respects, however, the EEI-Sheridan contract differs from the contract in *Gatley.* First, the indemnity provision in *Gatley* specifically applies to injuries to employees of the contractor. Second, where the *Gatley* contract read that: "This indemnity obligation shall not be limited in any way by benefits payable under Workmen's Compensation acts," the EEI-Sheridan contract reads that: "The indemnification obligation described above shall not be *limited by any limitation* on the amount or type of damages, compensation, benefits payable by or for subcontractor under Workers' Compensation Acts . . . " The court reads the provision to say that any limit to a worker's recovery under the Workers Compensation Act does not limit right to indemnification. The court does not know how a limit to a worker's recovery under the Act could limit the indemnification provision. The court agrees that "magic words" are not necessary to waive immunity, but plain English is necessary to waive immunity. While there may be other ways to interpret that phrase, the court does not find the provision here to "clearly and specifically" waive immunity.[2]

---

[2] Sheridan also cites *Int'l Paper Co. v. A & A Brochu*, 899 F. Supp. 715, 718 (D. Me. 1995), in which the court found that the general breadth of the indemnification, without any mention of immunity, constituted a waiver of worker's compensation immunity. This court does not find *International Paper* to be persuasive. Without some language specific to injury to employees, immunity, or the worker's compensation act, the court would not find an immunity waiver based on the breadth of the indemnity language alone.

4

The entry is:  EEI'S Motion for summary judgment is GRANTED.

This Order is incorporated on the docket by reference pursuant to M.R.Civ.P. 79(a).

DATE: _3 /15/23_

Thomas R. McKeon
Justice, Maine Superior Court